## GRADY TARVER v. THE STATE.

### No. 4985.   Decided April 10, 1918.

**Aggravated Assult—Automobile   Collision—Statute   Construed—Information—Pleading.**

Where defendant was charged by complaint and information of a violation of the automobile law under section·35, chapter 207, p. 484 of the General Laws of the Thirty-fifth Legislature, and there were no allegations in the complaint or information that defendant either wilfully or with gross negligence collided with the vehicle in which the injured party was, the same was insufficient on a motion in arrest of judgment. Either or both of the grounds stated in the statute could have been alleged, if the words of the statute and the allegations are of equal significance. Unless this is done the pleading is bad, and the judgment is reversed and the cause dismissed.

Appeal from the County Court of Hardin.   Tried· below before the Hon. W. S. Parker.

Appeal from a conviction of aggravated assault in automobile collision ; penalty, a fine of twenty-five dollars.

The opinion states the case.

No �winrief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Confessed error.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under section 35 of chapter 207, page 484, of the General Laws of the Thirty-fifth Legislature, which reads as follows:

"If any driver or operator of a motor vehicle or motorcycle upon the public highways of this State shall wilfully or with gross negligence, collide with, or cause injury to any other person upon such· highway, he shall be held guilty of aggravated assault, and shall be punished accordingly, unless such injuries result in. death, in which event said party so offending shall be dealt with under· the general law of ·homicide."

It will be noticed the statute provides that in order to constitute this offense the driver of the character of vehicle mentioned must "wilfully or with gross negligence, collide with, or cause injury to any other person," etc.   In order to constitute this offense the terms of this statute must be followed both in the allegation and by the evidence.   In order to charge the offense the pleading must aver that the driver or operator shall wilfully collide with or cause injury to ·another person, or such collision shall be through gross negligence, otherwise the offense would not be set forth in the terms and definition of the offense.

The complaint charges that appellant "did then and there unlawfully in and upon Miss Alice Cook, Miss Bennie Cook, and Dewey Cook, make an aggravated assault by then and there carelessly and negligently colliding with a vehicle," etc.   The information follows the complaint. Motion in arrest of judgment was overruled.   It should have been sus-

tained. The complaint and information do not charge that appellant either wilfully or with gross negligence collided with the vehicle. The pleader should have charged that the accused did so wilfully collide, or did with gross negligence so collide. He may incorporate both or only one of the grounds or causes specified, but he must in defining either or both follow the language of the statute. We have a rule, however, that where the statutory words are not followed in the pleading that those employed must be of equal or greater significance than those employed in the statute. It is evident from reading the pleading that this rule was disregarded. The word "wilfully" nowhere occurs in the pleading, and where the pleader undertook to charge "negligence," he only uses the language that he "carelessly and negligently collided." This does not charge "gross negligence." The language is neither tantamount nor equal to the language in the statute, but is of much less significance. Under the pleading it would take less evidence to convict than under the statutory definition. We are of opinion, therefore, the motion in arrest of judgment should have been sustained.

The pleading being insufficient to sustain the charge under the statute mentioned, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

PRENDERGAST, JUDGE, absent.