## JACK KING V. THE STATE.

No. 7296.   Decided January 31, 1923.

1.—Possessing Intoxicating Liquor for Sale—Continuance—Want of Diligence.
    Where, upon trial of possessing intoxicating liquor for the purpose of sale, defendant's application for continuance showed a want of sufficient diligence when considered in connection with the motion for new trial, there was no error in overruling same.

2.—Same—Newly Discovered Evidence.
    Where the motion for new trial, on the ground of newly discovered evidence, did not bring itself within the rule, showing sufficient diligence to discover the same before trial, the same was correctly overruled.

3.—Same—Evidence—Bills of Exception.
    There was no reversible error in overruling the bills of exception taken to the testimony of the officers of the fact that prior to going to defendant's premises on the night of the arrest he had obtained a search warrant directing him to search said premises, and to introduce testimony of liquor found there, nor that the liquor was taken at a point on property not owned or controlled by the defendant, but where he had buried the same.

4.—Same—Requested Charges.
    There was no error in refusing a requested charge to the effect that before the defendant could be convicted, the jury must find that the liquor possessed by defendant belonged to him and to no other person, besides, this charge was substantially given.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attor-

ney General, for the State.—On question of continuance: Casey v. State, 177 S. W. Rep., 114; Todd v. State, 121 id., 507; Hardy v. State, 89 Texas Crim. Rep., 469; Barns v. State, 89 Texas Crim. Rep., 396.

On question of search warrant: Shaddicks v. State, 90 Texas Crim. Rep., 431.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Stephens County of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at two years in the penitentiary.

A continuance was asked by appellant because of the absence of Pat Flowrey. The record shows that this trial was had March 14, 1922; that on March 8th application was made to the district clerk of Stephens County for a subpoena for Pat Flowrey, at the Quick Lunch cafe, Breckenridge, Texas, returnable March 13th. The subpoena issued was for Pat Flourney, and the return of the officer showed service on Pat Flourney. Said subpoena was returned so executed on March 10th. No effort appears to have been thereafter made to secure other process. When the case was called for trial on March 14th Pat Flowrey did not appear and an instanter attachment was issued for him and the return same day showed not served. The motion for new trial is accompanied by no affidavit of Pat Flowrey, and said motion, which is sworn to by appellant, states that at time the subpoena was applied for, Pat Flowrey worked at the "Snappy Lunch Cafe," near the courthouse. We doubt this as showing sufficient diligence. Pat Flowrey and Pat Flourney are not shown to be the same person, nor is the Quick Lunch Cafe shown to be identical with the Snappy Lunch Cafe. The matter might be disposed of on the further ground that the testimony is not shown to be material. Said testimony desired from Pat Flowrey or Pat Flourney was that he had been frequently at appellant's place during the two weeks previous to the arrest of appellant on the instant charge, and that Pat had not seen appellant sell any liquor or seen any kept or offered for sale. Such testimony would have been of little probative force, being wholly of a negative character. In passing upon the matter of the refusal of the continuance in connection with the motion for new trial, the court below may have been further influenced by the fact that the three witnesses who stayed at appellant's house, each of whom testified in his behalf on the trial, no where mentioned the fact that they knew Pat Flowrey or had ever seen him at or around said premises.

From the case made it appears that appellant some weeks prior to his arrest moved into a house just outside of the city limits of Breckenridge, which house had a very bad reputation. An officer visited the place the day appellant moved in and told him if he was going to run a joint he might as well move away. Said officer testified that on this occasion and others he noticed that the windows were all boarded up with boards nailed over them; also that after his visit and prior to the

arrest he saw cars at appellant's place both day and night, some of them being service cars; also that he walked around the house of appellant at night and from the noise and disturbance going on in the inside he was sure the occupants were drunk.

Another witness testified that he remonstrated with appellant about having moved into such a bad place and that appellant said he had everything fixed, and was going to get some stuff and have a good time; said he had everything fixed, everything straight.

Another witness testified that he went to appellant's place to work on gas connections and appellant offered him a drink of whisky from a bottle which he had, and told him he was going to have a cold drink stand in the front room of his house and whisky on the side; that he was not scared of getting by or anything like that; that he could get by the law with $10 or $20 a day.

Another witness testified that following appellant's moving into said house he, witness, had seen cars, one or two at a time, stop at said house in the night time and that on one occasion witness picked appellant up and carried him in his car, and while riding with him appellant told him he was going to open up a road house and sell a little liquor. On the night of March 4th the officers went to appellant's house and one of them hid under the edge of the porch and testified that he saw appellant carry two one gallon bottles of whisky out from his house to a point just on the edge of a near by lot, where he buried said bottles. At this time another officer had secreted himself in the house and shortly after the return to said house of appellant, he was arrested. The officer asked him after he was arrested if he had any whisky around the place and appellant denied it and said if there was any that he did not know anything about it. The officer who arrested appellant then took him around to where the officer was waiting who had been secreted under the house. The latter officer told the sheriff who was with appellant, that he could take him to the point where appellant had buried the whisky, but the sheriff said he wanted appellant himself to take him there. Appellant again denied knowing anything about any liquor and said he was sick, but finally did take the sheriff out to the point where the two gallon bottles of liquor were found buried. The officer who watched the liquor secreted said appellant dug a hole in the ground and buried it. He also testified that appellant made no claim on this occasion of the fact that the liquor belonged to any other person.

For the defense appellant and his wife testified that he had sold no liquor and had none in his possession at all during the time they had stayed at said place. They were corroborated by a woman who was staying in the house with them. We think the testimony amply sufficient to support the jury's conclusion of guilt.

Appellant made a motion for new trial supported by affidavits. It is very evident from a perusal of said affidavits, one of which was

made by a witness who was subpoenaed for the State and was present at the trial, that had appellant's attorney talked to said witness he would have ascertained all the facts set up in the affidavits in support of newly discovered evidence. We do not think the motion shows any diligence on the part of appellant to discover and find out the existence of the testimony alleged to be newly discovered. Said evidence is of such charcater as that we do not believe its presence at all likely to have affected the verdict. It consisted of affidavits that on the night the officers claimed to have found the two bottles of liquor at appellant's place, that some man in a car came by a house further up the road from town than appellant's, and wished permission to leave a suit case with some whisky in it at said house, and that the parties there refused him such permission and directed him to go down the road to appellant's house and that he might obtain permission of appellant to leave the liquor there. On the trial appellant testified that about thirty minutes before the officers arrested him a man drove up to his house in a car and told him that he was going to town and had some liquor and did not want to carry it into town and wanted permission to leave it, and that he would come back afterward and get it, and that he refused said person permission to leave the liquor on his premises but did walk with him over to the edge of the adjacent lot and was present when said person took the liquor found by the officers, out of a suit case and put it under some straw. We do not think it was error to overrule appellant's motion for new trial on the ground of newly discovered testimony. We do not think any error appears in the bill of exceptions taken to the testimony of the sheriff of the fact that prior to going to appellant's premises on the night of the arrest, he had obtained a search warrant directing him to search said premises. Nor do we think it any error to permit the State to introduce in evidence the liquor found by the officers on the occasion of said arrest. The fact that it was taken into their possession at a point on property not owned on controlled by the appellant, but at a point where the officer swore he saw appellant bury same, would not serve to make the admission in evidence of the liquor, objectionable.

We do not think it error to refuse a special charge that before appellant could be convicted the jury must find that the liquor possessed by appellant belonged to him and to no other person. However we find in the record a special charge given at appellant's request, which in substance instructed the jury that if said liquor belonged to another party or parties and that the same was hidden where it was found by such other party, even though said party or parties were assisted by the defendant, or that the said liquor was the property of another, or if they had a reasonable doubt thereof they should acquit. We think this charge more favorable than appellant was entitled to.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*