### JAKE GRAHAM v. THE STATE.

No. 8041.    Delivered May 6, 1925.

**1.—Selling Intoxicating Liquor—Evidence—Of Making—Properly Admitted.**

Where on a trial for selling intoxicating liquor, it was not error to permit the State to prove that witnesses saw appellant making whisky in his residence, such testimony bearing directly on the main fact sought to be proven, and not objectionable on the ground that it was proof of other and different offenses. Following King v. State, 93 Tex. Crim. Rep. 341, Reub v. State, 93 Tex. Crim. Rep. 345.

**2.—Same—Evidence—Impeaching Accused—Held Proper.**

Where on cross-examination, of the appellant, as a predicate for his impeachment, he was asked if he had not made certain admissions, and statements to witnesses prior to his arrest, and on his denying that he had, it was proper to introduce such witnesses and contradict him.

**3.—Same—Impeaching Accused—Other Offenses—Properly Admitted.**

Where a defendant takes the witness stand and testifies in his own behalf, it has ever been the rule in this state that his credibility may be as-

sailed by showing that he has theretofore been charged or convicted of offenses of the grade of a felony, or those involving moral turpitude.

### 4.—Same—Evidence—Opinion of Witness—Not Ordinarily Admissible.

Where on a trial for selling intoxicating liquor, it was not error to refuse to permit the father of appellant to testify that he had been up and down the branch on which appellant's still was said to have been located, and if there had been any whisky made there he would have seen it. The witness could not have testified to his opinion and conclusions about the matter, but could have testified only as to what he saw in passing up and down the branch.

### 5 —Same—Evidence—Of Other Transactions—Properly Admitted.

That appellant was selling whisky and had whisky on another occasion, which was proven, was not inadmissible against him, by reason of the fact that he claimed to have purchased the whisky for one Daniels, and was in fact the agent of Daniels.

### ON REHEARING.

### 6.—Same—Evidence Held Sufficient.

A careful examination of the record, on rehearing discloses that no error of a reversible character was committed on the trial. The evidence of the state was convincing of his guilt, and notwithstanding that his wife, father, sister and brother-in-law testified in his favor, the jury accepted the testimony of the state witnesses, and their verdict cannot be disturbed. The motion for rehearing is overruled.

Appeal from the District Court of Hill county. Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, one year in the State penitentiary.

The opinion states the case.

*Morrow & Stallenwerck*, for appellant.

. *Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the district court of Hill county at the June term, 1923, for selling intoxicating liquors, and his punishment assessed at one years confinement in the penitentiary.

There are many bills of exceptions complaining of the action of the court in admitting testimony showing that the appellant stated that he was making whiskey and selling whiskey, to the effect that the witnesses saw the defendant making whiskey in his residence, attorneys for appellant urging that all of said transactions were separate and distinct transactions from the one under investigation and prejudicial to the rights of the defendant. We are of the opinion that this character of testimony was clearly admissible under the theory of the State that the defendant was engaged in selling whiskey un-

lawfully, and was admissible for said purpose. King v. State, 93 Tex. Crim. Rep. 341; Reub v. State, 93 Tex. C. R. 345.

There is also complaint urged to the action of the court in permitting the State to ask the defendant while upon the stand if he did not admit and tell the State witnesses that the can or utensil found down on the branch on the place where he was living belonged to him, and to ask said defendant, over his objection, if he did not tell certain witnesses for the State that he would sell whiskey on the streets of Milford and in effect that he was standing in with the constable there and he would not interfere with him, and to the further effect that when the State's witnesses admonished him that if he did not stop making whiskey he was going to be taken up, or words to that effect, he replied in effect, "To hell with the law," and if they fooled with him he would "sell it to the judge"—all of which statements the defendant denied, and which the State's witnesses testified to the defendant's having made. We are of the opinion that this testimony as shown by the record was admissible.

There is also complaint of the State's attorney asking the defendant while he was upon the stand if he was charged with whiskey cases then pending in the district court where he was being tried and if he did not have cases pending in the Federal court and if he had not been charged with stealing cotton; to which the appellant admitted that he had been charged with theft of cotton but the case had been dismissed, and that there were cases pending in the court against him charging him with the sales of whiskey and the cases in the Federal court had been dismissed. We think this testimony was admissible as affecting the credibility of the witness.

There is also complaint urged to the court's refusal to permit the father of the defendant to testify that he owned the farm that the branch ran through and the premises where the defendant lived, and had been up and down the branch many times and if there had been any whiskey made there he would have known it. This evidence was intended evidently by the defendant to rebut the testimony of the State's witnesses who testified to having found utensils and cans on the branch and material evidently used for the purpose of making whiskey and that the defendant had admitted to them that they belonged to him. We see no error in the exclusion of this testimony, for the reason that it called for an opinion and conclusion of the witness. The witness could not have testified to his opinions and conclusions about the matter, but could have testified only to what he saw in passing up and down the branch in question.

There is also complaint urged to the admission of testimony as to other alleged offenses inquired about by the State and alleged to have been committed by the defendant with reference to having whiskey and selling whiskey, upon the ground that the defendant bought the whiskey from one Hampton for the prosecuting witness Daniels,

and was in fact the agent of Daniels. This, of course, was the theory of the defense. Upon the other hand, the State's theory was that the defendant was acting for himself, and the testimony adduced by the State was admissible to sustain this theory of the case.

There is also critism made by the defendant of the charge of the court; but, after a careful investigation of the charge, we find that the learned judge submitted to the jury all the issues raised by the testimony in the case, and after a careful investigation of the entire record we are of the opinion that the defendant has had a fair and impartial trial, and the judgment of the trial court should be affirmed, and it is so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant's theory was that his only connection with the whiskey sold by him to one Daniel, was as agent of the latter. Any fact legitimately combating this theory were admissible, and proof that appellant made whiskey in reasonable proximity to the time he sold a quart of it to Daniel, would be held admissible, and especially so in connection with statements made by appellant in substance that he and one Hampton borrowed from each other when customers came and found either one out of whiskey; and also appellant's statement that he would sell whiskey to anybody.

If the court at any time held that appellant could not prove the matters set out in the bill of exceptions appearing on page 45 of the transcript, he evidently repented of this action, for in another part of the testimony of appellant said witness was allowed to testify fully to the facts claimed in said bill to have been rejected by the court at an earlier stage of the trial. The complaint was that the witness was not allowed to testify that he was on a branch near appellant's house and saw nothing to indicate the manufacture of whiskey there. The witness did testify that he was frequently up and down said branch near appellant's house and never saw any fires or cooking, or anything else that looked like he had been making anything on the branch, and never saw a still or smelled any whiskey or choc.

The State's testimony showed overwhelmingly the guilt of appellant. His wife, father, brother-in-law, and wife of said brother-in-law, testified in favor of appellant. The jury are charged with the duty of deciding the conflicting facts. They gave the accused the lowest penalty and we see no reason to disturb their verdict, and believe the case correctly decided.

The motion for rehearing will be overruled.

*Overruled.*