DAN CURTIS V. THE STATE.

No. 10184.   Delivered June 2, 1926.

**1.—Aggravated Assault—Indictment Held Sufficient.**

Where an indictment brought under Arts. 1149 or 1925 follows the language set out in the statute, it ned not go further and describe the character of the injury inflicted, nor alleges the character of negligence relied upon by the state. Following Tarver v. State, 83 Tex. Crim. Rep. 275, and Ratliff v. State, 95 Tex. Crim. Rep. 511.

**2.—Same—Evidence—Hearsay—Improperly Received.**

Where, on a trial for a collision with an automobile, appellant had testified that a woman riding with him in his car at the time of the collision was not his wife, it was error to permit the state to prove by the witness, Mrs. J. D. Lowe, that said woman had represented herself to be the wife of appellant. The woman referred to did not testify, and the objection of appellant to the testimony of Mrs. Lowe should have been sustained.

**3.—Same—Evidence—Of Extraneous Offenses—Improperly Admitted.**

Where the state was permitted to prove by the appellant on cross-examination that he had lived in adultery with a woman, we think the learned trial judge was in error in permitting this proof. This court has held frequently that extraneous crimes and offenses are never admissible in evidence, unless they come within some of the exceptions to the general rule, and show intent, identity, system or form a part of the res gestae, or tend to connect the appellant with the offense for which he is on trial. Following Nunn v. State, 60 Tex. Crim. Rep. 86, and other cases cited.

Appeal from the County Court at Law No. 1, of Tarrant County. Tried below before the Hon. P. W. Seward, Judge.

Appeal from a conviction of an aggravated assault by colliding with an automobile, penalty a fine of $100.00 and thirty days in the county jail.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the County

Court at Law No. 1 of Tarrant County for an aggravated assault, and his punishment assessed at a fine of $100.00 and 30 days in the county jail.

The indictment charges that the appellant, on the 4th day of August, 1925, "did then and there drive * * * an automobile on a public highway, to-wit, Henderson Street in the city of Fort Worth, Texas, and did then and there commit an aggravated assault in and upon the person of Mrs. Emory Morris by then and there wilfully and with gross negligence colliding with and causing injury to the person of Mrs. Emory Morris, who was then and there upon said highway," etc. The appellant moved to quash the indictment because of the alleged insufficiency of same, in that it failed to allege the character of negligence relied upon by the state, and because it failed to allege the character and kind of injury inflicted upon the said Mrs. Morris. This indictment is based upon Art. 1149, 1925 Penal Code, and seems to have followed the language therein set out. We think the indictment is sufficient, and the court committed no error in overruling appellant's motion to quash same. Tarver v. State, 83 Tex. Crim. Rep. 275; Ratliff v. State, 95 Tex. Crim. Rep. 511.

Briefly stated, the facts, as revealed by the record, show that Emory Morris and his wife, the injured party, together with three other ladies, were in his car driving down Henderson Street when appellant, in company with a Miss Lowe, and while driving at a rapid rate of speed, struck the Morris car at a cross street and overturned it, injuring Mrs. Morris so severely that she was confined in a hospital by reason thereof for ten days or two weeks. It appears that the appellant was being pursued by Mrs. J. D. Lowe, the mother of Miss Lowe, in company with another person known as Miss Ola Bell, Miss Ola Curtis, or Miss Ola White. It further appears that Mrs. J. D. Lowe was much opposed to appellant's associating with her daughter and was chasing them for the purpose of taking the latter out of said car, and the appellant, in his haste, collided his car with the Morris car, as above stated. This is sufficient statement of the facts for the purpose of this opinion.

We find 20 bills of exception in the record, the number of which precludes a separate consideration of each, and we will content ourselves with grouping same where it is possible to do so.

Bills of exception Nos. 2 and 3 complain of the action of the court in permitting the state to prove by the witness, Mrs.

J. D. Lowe, that the woman known as Ola Bell, Ola Curtis, or Ola White represented herself to be the wife of the appellant, which bills show said statements to have been hearsay declarations in the absence of the appellant. We think the objections urged to this testimony should have been sustained. The record discloses that this woman, known as Bell, Curtis, or White, did not testify, and the state proved on cross-examination of the appellant that he was not married to her.

Bills 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15 complain of the action of the court in permitting the state, over appellant's objections, to interrogate him concerning whether or not he had lived with a woman known as Ola Bell, Ola Curtis, or Ola White in different hotels and in different places in and around the city of Fort Worth, and if they had not registered as husband and wife, and if she had not resided at the same hotel that he did and in the same room and kept some of her "belongings" therein. The appellant denied having registered and lived with said woman as husband and wife, but admitted, in answer to some of the questions by the state, that he had been with her and that she had kept some of her "belongings" in the same room with him at some of the places mentioned. After the state had elicited from the appellant the testimony above mentioned, it appears from the record and some of the bills that his counsel informed him that he would not have to answer such questions propounded to him by the state relative to living with said woman unless he so desired, and thereafter, when the attorneys for the state sought to elicit from appellant testimony as to his living with said woman at other places, he refused to answer same. To all of the above interrogation and procedure upon the part of the state appellant's counsel objected, contending that same was prejudicial and irrelevant to the issue in question, and was attempting to prove other and extraneous offenses than the one under investigation. All of said objections were overruled by the court and the testimony admitted and the proceedings had as above indicated, the appellant duly reserving bills of exception thereto. We think the learned judge was clearly in error in permitting the state, over the objection of the appellant, to attempt to show, and to show, to the jury that the appellant was unlawfully living in adultery or unduly intimate with this woman above referred to. This evidence was highly prejudicial to the rights of the appellant and should not have been admitted. This court has frequently held that extraneous crimes and offenses are never admissible in evidence

unless they come within some of the exceptions to the general rule and show intent, identity, or form a part of the res gestae, or tend to connect the defendant with the offense for which he is on trial. Branch's Ann. P. C., Sec. 166, citing Nunn v. State, 60 Tex. Crim. Rep. 86, 131 S. W. 320; Gray v. State, 178 S. W. 337; Henderson v. State, 172 S. W. 794, and many other authorities thereunder collated. Also see Walker v. State, 271 S. W. 384; Pettiett v. State, 272 S. W. 473; Graham v. State, 275 S. W. 713; McRae v. State, 275 S. W. 1067.

Bill No. 16, relating to a conversation between the appellant and the witness, Emory Morris, as qualified by the court, shows no error.

Bill 18, complaining of the action of the court in refusing to instruct a verdict of not guilty, is without merit.

Bills 19 and 20, complaining of the argument of the attorneys for the state relative to the appellant living with the said Ola White, Bell, or Curtis and his refusal to answer questions relative thereto, will not likely arise upon another trial, in view of the disposition we have made of this testimony, and it therefore becomes unnecessary to discuss same.

For the errors above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.