## EX PARTE FRED MOONEY.

### No. 10324.  Delivered February 16, 1927.

**1.—Habeas Corpus—City Ordinance—Of San Antonio—Held Valid.**

The validity of an ordinance of the city of San Antonio, denouncing negligent collision, is attacked by an original application for a writ of habeas corpus. Said ordinance denounces as an offense the negligent collision of any motor vehicle, with any other vehicle, or with any animal, person, etc., in any public street or public place whatever in said city. This ordinance is not in conflict with Art. 1149, P. C. of 1925.

**2.—Same—Continued.**

The offense denounced by Art. 1149, P. C., 1925, is an injury, less than death, to any person as the result of a wilful or negligent collision of a motor vehicle or motorcycle, with such person, upon any public highway in this state, as an aggravated assault.

**3.—Same—Continued.**

Said ordinance is not objectionable because of the definition of the term "negligence" as "the want of ordinary care and caution, as a person of ordinary prudence would use under like circumstances." Such definition is sufficiently definite. See Ratliff v. State, 95 Tex. Crim. Rep. 551, and other authorities cited.

**4.—Same—City Charter—Power to Control Streets.**

The city of San Antonio is vested with authority, in its charter, to con-

trol the use of streets and highways within the city. This power, of course, is to be exerted in a manner not to bring it in conflict with the state law upon the subject. There being no apparent conflict between the ordinance in question and our state laws, same is held valid, and relator is remanded to custody.

An original application for a writ of habeas corpus, testing the validity of an ordinance of the city of San Antonio.

Ordinance held to be valid, application denied, and relator remanded to custody.

The opinion states the case.

*Leonard Brown, C. J. Andrews,* and *Andrew Young* of San Antonio, for relator.

*Joseph Ryan,* City Attorney; *W. S. Anthony,* Assistant City Attorney of San Antonio; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the respondent.

MORROW, PRESIDING JUDGE.—This is an original application for a writ of habeas corpus.

The validity of an ordinance of the city of San Antonio, Texas, is attacked. The ordinance denounces a negligent collision, and declares that:

"If any person driving or operating or in charge of any motor vehicle * * * shall, by negligence, cause or suffer or permit the same to come into collision with any other vehicle of any nature whatsoever, or with any animal, person, etc. * * * in or on any public street * * * or any public place whatever, in the city of San Antonio, Texas, such person shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars."

Against the validity of the ordinance the point is made that it is in conflict with Art. 1149, P. C., 1925, which reads thus:

"If any driver or operator of a motor vehicle or motorcycle upon the public highways of this state shall wilfully, or with negligence, as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person upon such highway, he shall be held guilty of aggravated assault and shall be punished accordingly unless such injuries result in death, in which event he shall be dealt with under the general law of homicide."

The specific phase of the ordinance upon which the conviction rests is that the appellant, driving an automobile, by negligence, permitted it to come into collision with another automobile. We do not understand that Art. 1149, P. C., which is quoted above,

would be violated unless the driver of an automobile upon the public highway should wilfully or by negligence cause injury to a *person*. We are therefore of the opinion that so far as the ordinance relates to the particular matter charged, it is not in conflict with the statute mentioned.

It is also contended that the ordinance is indefinite to a degree that renders it inoperative. This, as we understand it, is upon the ground that the term "negligence" which is defined in the ordinance as "the want of ordinary care and caution as a person of ordinary prudence would use under like circumstances," is not sufficiently definite to meet the measure of the law touching a criminal ordinance. It has been held that an indictment in the form of Art. 1149 of the state law, supra, or which used the language of the statute, namely, "with negligence," was sufficient to charge an offense. See Ratliff v. State, 95 Tex. Crim. Rep. 551; also Ruling Case Law, Vol. 13, p. 299, Sec. 249; Berry on Automobiles, 3rd Ed., Sec. 155.

A regulation touching the use of the streets by automobiles which is within the scope of the city's charter powers is not inhibited by the state law upon the subject unless there be a conflict between the two. See Gill v. City of Dallas, 209 S. W. 209; City of San Antonio v. Besteiro, 209 S. W. 472; City of San Antonio v. Fetzer, 241 S. W. 1034; Ex Parte Curry, 96 Tex. Crim. Rep. 3; Ex Parte Wright, 82 Tex. Crim. Rep. 247; Ex Parte Parr, 82 Tex. Crim. Rep. 525; Vernon's Tex. Civ. Stat., Vol. 2, p. 309, note 20, also p. 344, note 5; Ex Parte Jonischkies, 244 S. W. 997.

In its charter, the city of San Antonio is vested with the authority to control the use of the streets and highways within the city. This power, of course, is to be exerted in a manner not to bring it in conflict with the state law upon the subject..

The application for writ of habeas corpus is denied and the relator is remanded to custody.

*Application denied.*