JOE HERNANDEZ v. THE STATE.

No. 12448. Delivered April 10, 1929.

The opinion states the case.

*Sam K. Hocker* and *Dave Watson* of San Antonio, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for an aggravated assault resulting from the negligent operation of an automobile; punishment, a fine of $200.00, and six months in the county jail.

The information in this case charges as follows:

"Joe Hernandez being then and there the driver and operator of a motor vehicle, to-wit: an automobile, upon a public highway in Bexar County, Texas, to-wit: Vine St. and did then and there unlawfully commit an aggravated assault and battery in and upon Estevan Musquiz, and did with negligence while being then and there in the performance of an unlawful act, to-wit: while being then and there engaged in the commission of an act such as would give just occasion for a civil action for damages, in that the said Joe Hernandez did then and there operate and drive said motor vehicle upon said highway without then and there exercising proper care and caution in guiding said motor vehicle, that is, such a degree of care and caution in guiding said motor vehicle as a man of ordinary prudence would use under like circumstances, collide with

and cause injury to the said Estevan Musquiz and did with said motor vehicle strike, wound and bruise the said Estevan Musquiz and cause injuries less than death to the said Estevan Musquiz, the said Estevan Musquiz being then and there upon said highway." There was no motion to quash or attack of any kind on the information prior to the verdict, which was rendered on October 16, 1928. On October 19th appellant filed a motion in arrest of judgment, asserting, among other things, that said information and complaint were insufficient to charge any violation of the law, and that they did not allege any facts which, if true, would show appellant guilty of any offense or justify any civil action against him.

Art. 1149 P. C., provides that if any driver or operator of a motor vehicle upon a public highway of this State shall wilfully or with negligence, as defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person upon such highway, he shall be guilty of aggravated assault, etc. In Tarver v. State, 83 Texas Crim. Rep. 275, at a time when this statute required that to commit the offense, the act of the accused should be either wilful or with *gross* negligence, but which statute was otherwise as it now is, in an opinion by the lamented Presiding Judge Davidson, it was held that a motion in arrest of judgment would be deemed of no avail if the complaint in that case had used the then statutory expression "Gross negligence" instead of that actually used, to-wit: "Carelessly and negligently." This case was followed in Ratliff v. State, 95 Texas Crim. R. 511, an opinion by present Presiding Judge Morrow, which held correct the overruling of a motion to quash an information which, by reference to the original record in our files, we observe charged that the accused did "wilfully and with gross negligence operate a motor vehicle upon a public highway, and did collide," etc. Again in Curtis v. State, 104 Texas Crim. Rep. 474, an indictment with the same averment was held good against a motion to quash which was based on a failure to specify therein the character and kind of negligence of the accused, and of the injury to the party hurt. Also in Ex parte Mooney, 106 Texas Crim. Rep. 156, we held that an ordinance which provided that any one operating a motor vehicle * * * who shall by negligence cause or suffer same to collide with, etc., was not inoperative because indefinite, and it is said:

"It has been held that an indictment in the form of Art. 1149 of the state law, supra, or which used the language of the statute,

namely, 'with negligence,' was sufficient to charge an offense. See Ratliff, 95 Tex. Crim. Rep. 511; also Ruling Case Law, Vol. 13, p. 299, Sec. 249; Berry on Automobiles, 3rd Ed., Sec. 155.''

In the light of these authorities we are of opinion that there was no error in overruling appellant's motion in arrest of judgment had the court considered same.

We further observe that the authorities cited by appellant upon the point made that this complaint does not allege there was no apparent danger of causing death, were written upon negligent homicide cases and were based on the language of Art. 1232 P. C., relating to negligent homicide. Same have no application to indictments for aggravated assault and can have none.

There being no statement of facts in this case, and no error appearing, the judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.