## C. O. BRUMLEY v. THE STATE.

No. 13318.   Delivered April 30, 1930.
Reported in 27 S. W. (2d) 810.

The opinion states the case.

*W. H. Russell* of Hereford, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $100.00.

This is a conviction for that form of aggravated assault denounced by Art. 1149, P. C., which in substance makes the driver or operator of a motor vehicle upon a public highway guilty of aggravated assault if he shall "wilfully, or with negligence, as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person." The complaint in this case fails to set out the name of the party complained against. This may be, however, a clerical error which could be corrected by a proper showing and writ. However, the allegation in said complaint is "Did then and there unlawfully and with gross negligence cause injury less than death to Mrs. V. L. Connel while operating a motor vehicle upon a public highway." The information follows the complaint. There is no averment of the means or manner of anything done by appellant from which he might know how he was charged with causing the injury, or be informed as to

that which the State claims to have been gross negligence on his part. The complaint is a mere conclusion. The criminal forms laid down by Mr. Willson charging negligent homicide will be found upon inspection to require that the complaint or indictment state what was done by the accused, which is claimed to have amounted to negligence. The complaint and information in this case are clearly insufficient.

We further note that the facts appear not to support the conclusion of guilt. Appellant and two other persons were in a car which attempted to pass that occupied by the injured party. The driver of appellant's car attempted to turn in a little too soon and caught the front part of the other car, causing it to run into a ditch and hurt the injured party. Both occupants of the latter car testified that when appellant came back to where they were a few moments later he expressly stated that he was not driving the car that caused the accident. Appellant and his sister both testified on this trial that the car was being driven by a friend who was in the car with them. There is no controversy on this fact. The learned trial judge may have fallen into the error of assuming that the proof showed appellant to be a principal, because of the fact that when he came back to where the injured party was, he said it was all his fault. We do not think this enough to make appellant guilty as a principal.

The judgment will be reversed and the cause ordered dismissed.

*Reversed and dismissed.*