WARREN YOUNG v. THE STATE.

No. 14696.   Delivered January 27, 1932.
Rehearing Denied March 9, 1932.

The opinion states the case.

*Weslow, Beadle & Mooney,* of Houston, for appellant.

*O'Brien Stevens,* District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, confinement in the county jail for a period of thirty days.

A jury was waived, and the case tried before the court.

Appellant moved to quash the information, which followed the complaint, on the ground that same was vague, indefinite, void and violative of article 6, P. C. The charging part of said information is as follows: That said Warren Young "did then and there drive and operate a motor vehicle, to-wit, an automobile, on a public highway, to-wit, Robbie Street, in the City of Houston, Harris County, Texas, and did then and there commit an aggravated assault in and upon the person of Ralph Janicke, by then and there willfully and with negligence colliding with and causing injury less than death to the person of Ralph Janicke." The information is sufficient. Hernandez v. State, 112 Texas Crim. Rep., 363, 16 S. W. (2d) 817, and authorities cited; Curtis v. State, 104 Texas Crim. Rep., 473, 284 S. W., 950; Ex parte Mooney, 106 Texas Crim. Rep., 156, 291 S. W., 246. There is nothing in the opinion in Brumley v. State, 115 Texas Crim. Rep., 362, 27 S. W. (2d) 810, in any way contrary to this view. Under the terms of the complaint in that case, it was perfectly apparent that no knowledge was thereby conveyed to the accused of the manner, means or instrument with which the state would contend the alleged assault was committed. For aught otherwise appearing in the complaint in that case Brumley,—while operating a motor vehicle on a public highway,—might have shot Mrs. Connel with a gun or struck her with a club, or have thrown her from the car. We did not intend by any expression in the opinion in the Brumley case to depart from what we understand to be the rule already laid down in such cases, namely, that a complaint charging that A, while driving and operating a motor vehicle upon a public highway, did make an aggravated assault upon B by then and there wilfully and with negligence colliding with (or otherwise describing what actually occurred) the person of said B and causing injury less than death to said B, etc.

As part of his motion to quash appellant set up that the terms of article 1149, P. C., 1925, are vague, indefinite, and violative of the terms of said article 6, P. C. Examination of said article 1149 shows that a part of its definition of aggravated assault is that the act done must be "Wilfully or with negligence, as is defined in this title in the chapter on negligent homicide." Article 6, P. C., expressly follows looking to "some other written law of the state," in order to ascertain whether a statute under consideration be deemed indefinite or of doubtful construction.

Appellant also urges in his said motion to quash that the chapter on

negligent homicide (chapter 14 [article 1230 et seq.]) referred to in article 1149, supra, nowhere contains anything which purports to be a definition of negligence. We are not in accord with this contention. In said chapter 14, in article 1233 thereof, it is said: "The want of proper care and caution distinguishes this offense from excusable homicide," the latter having been defined in the preceding chapter 13, P. C. (articles 1228, 1229). The further statement is made in said article 1233: "The degree of care and caution is such as a man of ordinary prudence would use under like circumstances". It may be doubted if there is greater unanimity among the courts of all jurisdictions upon any one thing than in the general definition of negligence, as being a failure to do what a man of ordinary care and prudence would do under the same or like circumstances. M. K. & T. Ry. Co. v. Parrott, 100 Texas, 9, 92 S. W., 795. The verbiage may differ in some cases, but this is the uniform substance. Lenkewicz v. Wilmington City Ry. Co., 7 Pennervill (Del.), 64, 74 Atl., 11 Ky. & I. Bridge Co. v. Shrader (Ky.), 80 S. W., 1094. Whether intended to be taken as stating a definition of negligence or not, in said article 1233 this court said in Haynes v. State, 88 Texas Crim. Rep., 44, 224 S. W., 1100, that the above is our statutory definition of said word. We take it there can be no serious contention but that the legislature intended its language as set out in said article 1233 to be taken as a definition of negligence applicable in prosecutions under the terms of said chapter, and hence also in prosecutions under said article 1149, supra. If this be true, then said article 1233 does define negligence, and is the complement of said article 1149.

We might here say, following Judge Davidson in Tarver v. State, 83 Texas Crim. Rep., 275, 202 S. W., 734, that the pleader, in drawing a complaint or indictment charging the offense under consideration, might have said that the accused did wilfully collide, etc., or that he did with negligence collide, etc., or he might, as in the instant case, put both ways of committing the offense in the same count, in which event a conviction might be had upon proof of either. Appellant made on attack on the information in this case in so far as it charged that his act was wilful, and for this reason, if for no other, the motion to quash was properly overruled.

The evidence seems sufficient to support either averment of the information. According to the state witnesses, appellant was driving an automobile down a narrow street in the city of Houston in violation of law at the rate of forty-five or fifty miles an hour, and struck a child with such force as to crack his skull and make necessary the insertion of a silver plate therein. An officer who went to the scene immediately after the occurrence said the tracks of the automobile showed that it had skidded about fifty feet, evidently after the brakes were applied; that it went across a ditch on the side of the street, and finally struck a tree with

such force as to cave in the radiator. Appellant did not deny that the child was struck, but took the position that he was only going about twenty miles an hour, and that the child ran out in the street and was struck by the left fender of the car as appellant turned it to avoid the collision.

No error appearing, the judgment will be affirmed.

*Affirmed.*