## W. C. CLIFTON v. THE STATE.

No. 20,657. Delivered December 13, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*Charles H. Mayer,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The conviction is for aggravated assault; the punishment, a fine of $200.00.

A jury was waived, and the case tried before the court.

The testimony adduced by the State is sufficient to support the conviction.

The prosecution proceeded under Article 1149, P. C., which reads as follows: "If any driver or operator of a motor vehicle or motorcycle upon the public highways of this State shall wilfully, or with negligence, as is defined in this title in the chapter on negligent homicide, collide with or cause injury less than death to any other person upon such highway, he shall be held guilty of aggravated assault and shall be punished accordingly unless such injuries result in death, in which event he shall be dealt with under the general law of homicide."

The charging part of the complaint and information is as follows: That W. C. Clifton "did then and there drive and operate a motor vehicle, to-wit, an automobile, on a public highway located in the City of Houston, Harris County, Texas, there situate, and did then and there commit an aggravated assault in and upon the person of Mrs. W. P. Gatlin by then and there willfully and with negligence causing and permitting said automobile to collide with another automobile then and there upon said highway, in which the said Mrs. W. P. Gatlin was then and there a passenger, then and there and thereby causing injury less than death to the person of the said Mrs. W. P. Gatlin."

Appellant made no attack on the complaint and information in the trial court. He now insists that the State's pleadings are bad for inconsistency for the reason that it is alleged therein that he wilfully caused and permitted the automobile to collide with the car in which Mrs. Gatlin was driving and that he, with negligence, caused the collision. In short, it is appellant's contention that if the act was wilfully committed negligence could not be present. A complaint and information in practically the same language as that found in the present pleadings was sustained by this Court in Young v. State, 47 S. W. (2d) 320. In that case the court held that it was proper to put both ways of committing the offense in the same count and that a conviction might be had upon proof of either. See also Tarver v. State, 202 S. W. 734.

Appellant based his amended motion for new trial on newly discovered evidence, and attached to said motion the affidavits of several witnesses whose testimony he claimed to be newly discovered and material. In overruling the motion the court, among other things, embraced in his order the following: "Be it remembered that on this the first day of April, A. D. 1939, came on to be heard the amended motion of the defendant for a new trial based upon alleged newly discovered evidence. The court, after hearing the motion, controversy of the State, and the evidence in support of the motion, overruled the same for the reason that the court was not satisfied that the defendant could not have discovered such evidence had there been a sufficient amount of diligence shown. On the other hand, the proof shows that the defendant passed the scene of the residences of all of the so-called newly discovered witnesses many many times, and the court believed that by the exercise of proper diligence their attendance could have been secured on the trial of the case, and that such evidence could have been ascertained prior to the trial of such case for the reason that

the defendant did discover such so-called witnesses within a few hours after the seriousness of his case had been impressed upon him."

The evidence which the court heard on the motion for new trial upon the question of diligence is not brought before this court, either by bill of exception or statement of facts. Under the circumstances, we must presume that the court's action in overruling the motion was correct and based upon evidence which was sufficient to justify such action. Sykes v. State, 2, S. W. (2d) 863.

The judgment is affirmed. .

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

This case was affirmed upon good authority consistently followed by the court. The motion for rehearing, as we interpret it, complains of the failure of this Court to hold that the State should have been required to amend its information against the defendant prior to the trial. It is stated in the motion that the allegation,—"wilfully committing the assault and at the same time negligently committing the same," should be held directly in conflict and as being an impossible allegation, asserting that "there is plenty of authority in the books to justify holding that the words of the statutes should be pleaded conjunctively rather than disjunctively, * * * * *." Counsel then cites Lockwood v. State, 24 S. W. 1015. This is a Missouri case which we are not inclined to follow at this time. We think the original opinion is consistent with former holdings of this Court.

We have found nothing in conflict with Young v. State, 47 S. W. (2d) 320, relied on in the original opinion, which we think is decisive of the question raised in the motion for rehearing.

The motion is overruled.