EX PARTE JOHN LESLIE DICKSON.

No. 26,641. November 4, 1953.

R. G. Allen, Jr., Houston, for appellant.

William H. Scott, District Attorney, and King C. Haynie, Assistant District Attorney, Houston, and Wesley Dice, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant applied to Hon. Phil Peden, Judge of County Court at Law No. 3 of Harris County, for writ of habeas corpus, attacking as void the judgment of conviction entered in said court for violation of an ordinance of the city of Houston defining an offense therein denominated "reckless driving."

The writ was granted, and, after hearing, Judge Peden entered his order remanding appellant to the custody of the sheriff of Harris County, who had detained him under a capias pro fine following his said conviction.

This is an appeal from such order remanding him to custody.

The sole contention here is that the ordinance is void for the reason that it defines substantially the same offense as is defined in Sec. 51 of Art. 6701d V.A.C.S., but prescribes a different punishment.

It is pointed out that the ordinance in question provides for a fine of not less than $5 nor more than $200, whereas the statute carries a punishment of a fine of not less than $1 nor more than $200.

It is true that both the offense defined by the ordinance and that defined in Sec. 51 of Art. 6701d are designated "reckless driving," but we are unable to agree that the two offenses are substantially the same.

The ordinance in question (Ordinance No. 2232) reads in part as follows: "Section 1: (a) *RECKLESS DRIVING.* Whoever shall operate any motor vehicle upon any public street, or upon any drive in any public park, within the corporate limits of the City of Houston, Texas, in a reckless, careless or negligent manner, so as to proximately cause, as those terms are hereinafter defined, such motor vehicle to collide with any other vehicle of any kind whatsoever or with any other property at any place within the said corporate limits of the said City of Houston, Texas, shall be deemed guilty of 'reckless driving', and upon conviction thereof shall be fined in any amount not less than Five Dollars ($5.00) nor more than Two Hundred Dollars ($200.00).

"(b) *RECKLESS, CARELESS OR NEGLIGENT MANNER:* The term 'Reckless, careless or negligent manner' as used hereinbefore and as applicable to this ordinance shall be deemed to

mean, and is hereby defined to be any violation of any traffic law of the State of Texas or any traffic ordinance of the City of Houston, Texas, which violation is a proximate cause of any collision between a motor vehicle and any other vehicle of any kind whatsoever, or between a motor vehicle and any other property, at any place within the corporate limits of the City of Houston, Texas."

Other sub-sections define "proximate cause," "vehicle," and "motor vehicle." Sub-section (f) reads as follows: *"PROOF OF NO INTENT*: Proof of no intent on the part of any operator of any motor vehicle charged with an offense under this ordinance to collide with any other vehicle or with any other property shall be no defense of any charge filed under the authority of such ordinance."

The Statute, Sec. 51 of Art. 6701d, reads as follows:

"Reckless driving.

"Every person who drives any vehicle in wilfull or wanton disregard of the rights or safety of others or without due caution or circumspection, and at a speed or in a manner so as to endanger or be likely to endanger a person or property shall be guilty of reckless driving."

It will be observed that an essential element of the offense defined by the ordinance is a collision between the motor vehicle operated by the accused and another vehicle or other property, proximately caused by the violation of some traffic law of the state or ordinance of the city.

Sec. 51 of Art. 6701d defines an entirely different offense which, insofar as the statute is valid, is complete without the occurrence of any collision. (As to the validity of certain portions of the statute see Ex Parte Chernosky, 153 Tex. Cr. Rep. 52, 217 S.W. 2d 673.)

Sections 26 and 27 of Art. 6701d specifically authorize the adoption by local authorities of additional traffic regulations which are not in conflict or inconsistent with said Art. 6701d.

The ordinance not being in conflict with the statute, the trial judge did not err in remanding appellant to custody.

The judgment is affirmed.