## FERRELL HENRY FORD V. STATE

No. 27,106. October 27, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) December 8, 1954

*Conway L. Wallace* and *A. D. Azios,* by *Conway L. Wallace,* Houston, for appellant.

*Ewing Werlein,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for an aggravated assault with a motor vehicle, under the provision of Art. 1149, V. A. P. C. The punishment was assessed at a fine of $200 and 120 days in jail.

By Art. 1149, V. A. P. C., it is an aggravated assault for the operator of a motor vehicle to wilfully or "with negligence, as is defined in the Penal Code," collide with or cause injury less than death to another person.

The information in this case charged, in effect, that the appellant, while operating a motor vehicle, "wilfully and with negligence" collided with and caused injury less than death to C. M. Chumley.

It is appellant's sole contention on this appeal that the information should have stated the acts constituting the negligence relied upon or what acts were relied upon as being negligent.

The form of the information here employed has been approved in a long line of cases, notably in Voght v. State, 159 Texas Cr. R. 207, 261 S.W. 2d 176, where the question here presented was decided adversely to appellant's contention.

Appellant recognizes the above holding but insists that it does violence to the rule requiring in the state's pleading reasonable notice to the accused of the offense charged against him.

We adhere to our former rulings, and appellant's contention is overruled.

The judgment is affirmed.

Opinion approved by the court.