### BILLY JOE WILLIAMS V. STATE

No. 28,049. February 8, 1956.

Appellant's Motion for Rehearing Denied (Without Written Opinion) March 21, 1956.

*Houston McMurry*, and *Ruben Loftin*, Henrietta, for appellant.

*Clyde Suddath*, County Attorney, Henrietta, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Under an information charging three separate and distinct misdemeanors growing out of the operation of a motor vehicle, the appellant was convicted for each offense charged and assessed a punishment of two years' confinement in jail and a fine of $150.00.

No statement of facts or bills of exception accompany the record.

Appellant's able counsel on appeal raises two grounds for reversal.

1. They contend that the information charging the first offense was insufficient as a pleading to support the judgment. Omitting formal parts, it reads as follows:

"Billy Joe Williams did then and there unlawfully drive and operate a motor vehicle, to-wit, an automobile, on a public highway in said county and state and did then and there commit an aggravated assault in and upon the person of Wilburn Earl Autry and Mrs. Jessie Autry and Dorothea Mae Autry by then and there with negligence colliding with and causing injury less than death to the person of Wilburn Earl Autry and Mrs. Jessie Autry and Dorothea Mae Autry."

Appellant alleges that this is insufficient because it does not go further and allege "how and in what manner the driver of the automobile was negligent." Reliance is had upon Brumley v. State, 115 Tex. Cr. Rep. 362, 27 S.W. 2d 810. In that case, we had before us an information which alleged that the accused "Did then and there unlawfully and with gross negligence cause injury less than death to Mrs. V. L. Connel while operating a motor vehicle upon a public highway." The court said, "The criminal forms laid down by Mr. Willson charging negligent homicide will be found upon inspection to require that the complaint or indictment state what was done by the accused, which is claimed to have amounted to negligence."

Form 505 of Willson's Criminal Forms, Fifth Edition, is in practically the same terms as the information before us in the case at bar. Both allege a collision which is the allegation missing from the information in the Brumley case.

The information in the instant case has been approved by this court in Young v. State, 120 Tex. Cr. Rep. 39, 47 S. W. 2d 320; Huff v. State, 123 Tex. Cr. Rep. 238, 58 S. W. 2d 113; Clifton v. State, 138 Tex. Cr. Rep. 258, 135 S. W. 2d 115; Nichols v. State, 155 Tex. Cr. Rep. 521, 236 S. W. 2d 801; Bell v. State, 240 S.W. 2d 302, Mackey v. State, 158 Tex. Cr. Rep., 276, 255 S.W. 2d 198; Vogt v. State, 159 Tex. Crim. Rep. 207, 261 S.W. 2d 176; and Ford v. State, 160 Tex. Cr. Rep. 574 272 S.W. 2d 740.

2. They contend that the cumulation of the punishments by the court was ineffective. The jury assessed the punishment for the first offense at one year in jail. For the second offense, they assessed the punishment of a fine of $100.00, and, for the third, they set the punishment at one year in jail and a fine of $50.00.

A single judgment was entered which recited the verdicts and assessed the appellant's punishment at two years in jail and a fine of $150.00.

This being a misdemeanor case, this constituted effective cumulation. Abston v. State, 158 Tex. Cr. Rep. 88, 253 S. W. 2d 41, and Palma v. State, 159 Tex. Cr. Rep. 218, 262 S. W. 2d 486.

Finding no reversible error, the judgment of the trial court is affirmed.