**Ex parte Henry WILSON.**

**No. 36300.**

Court of Criminal Appeals of Texas.

Dec. 18, 1963.

Rehearing Denied Feb. 5, 1964.

 

remanded to custody, and from such order he appeals.

It is contended that Subsection A of Ordinance No. 41–39 of the City of Houston, upon which this conviction rests, is void upon the grounds it defines the same offense as is defined in Art. 827a, Sec. 8, Subsec. 1(a), Vernon's Ann.P.C., but prescribes a different punishment.

It is apparent that an essential element of the offense defined by the ordinance is a collision caused by the negligent operation of a motor vehicle in the manner prohibited by said ordinance.

Art. 827a, Sec. 8, Subsec. 1(a), V.A.P.C., regulates only the speed of motor vehicles on a public highway.

The foregoing ordinance and article are each applicable to a different set of facts. Therefore appellant's contention cannot be sustained. Ex parte Dickson, 159 Tex. Cr.R. 117, 261 S.W.2d 709; Ex parte Mooney, 106 Tex.Cr.R. 156, 291 S.W. 246.

The ordinance not being in conflict with Sec. 8 of Art. 827a, V.A.P.C., or any other penal statute which has been called to our attention, the trial judge did not err in remanding appellant to custody.

The judgment is affirmed.

Opinion approved by the Court.

Victor R. Blaine, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Frank Puckett, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

By writ of habeas corpus filed in the County Court at Law No. 1 of Harris County, the appellant attacks as void the judgment of conviction for the offense of negligent collision as defined by Ordinance No. 41–39 of the City of Houston.

Appellant was convicted in the Corporation Court of the City of Houston under a complaint charging the offense of negligent collision and fined $25. Upon his appeal to the County Court at Law No. 1 he was again convicted and assessed a fine of $5. It is from confinement by virtue of a commitment issued under said judgment that appellant applied for a writ of habeas corpus. The writ was granted, and after a hearing the appellant was

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

In our original opinion, we failed to point out that this prosecution was had prior to the repeal of Art. 827a, Sec. 8, Subsection (1)(a) Vernon's Ann.P.C., and the enactment of Art. 6701d, Art. XIX, Sec. 166(b) Vernons Ann.Civ.St. However, we remain convinced of the soundness of our original opinion.

Appellant's motion for rehearing is overruled.