

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 6, 1977

The Honorable Dan R. Beck
County Attorney
County of Fayette
La Grange, Texas   78945

Opinion No. H- 1010

Re:  Whether a county and
city may loan revenue
sharing funds to a student
to finance his medical
education in return for
a promise that he will
serve as county health
officer and maintain
practice in the city for
a specified time after
licensing.

Dear Mr. Beck:

You have asked our opinion whether Fayette County and
the City of Flatonia may loan federal revenue sharing funds
to a medical student in exchange for the student's contractual
promise that he will serve as the county's health officer
and maintain a private practice of medicine in Flatonia for
a period of five years after he is licensed.  The loan would
be in an aggregate amount of $12,000, of which the student
would be required to repay $9,000, without interest, after
graduation.  The remaining $3,000 debt would be discharged
in partial consideration for his services.  You state that
Flatonia presently has no clinic, no physicians, and no
medical facilities.

We have previously addressed the constitutionality of
a program similar to the one you propose in Letter Advisory
No. 90 (1975).  In that document we found no constitutional
infirmity in a proposal under which a loan from the Texas
Opportunity Plan Fund to a medical student might be canceled
upon his employment by one of several state agencies.  The
proposal considered there has now been enacted as section
52.40 of the Education Code.  Although your inquiry involves
political subdivisions of the state, rather than state agencies,

we nonetheless consider the reasoning of Letter Advisory No. 90 to be in point. We found no violation of either sections 51 or 55 of article 3 of the Texas constitution in that opinion:

> In our view a doctor or psychologist gives adequate consideration for the partial or total release of his obligation by serving the State in his professional capacity. We see no meaningful distinction between higher salaries and this form of compensation for public service.

Although political subdivisions are also subject to article 3, section 52 of the constitution, the applicable language is the same as found in sections 50 and 51 of article 3:

> Sec. 50. The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person . . . or to pledge the credit of the State in any manner whatsoever . . . .

> Sec. 51. The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual . . . .

> Sec. 52. The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual . . . .

We have previously said that these provisions of the constitution would not prevent the establishment of a program to guarantee student loans, upon a finding that a public purpose would thereby be accomplished, provided the program included sufficient controls to assure that the public purpose would actually be served, and upon assurance that the contracting governmental entity would receive adequate consideration or benefit for the services provided to private parties. Letter Advisory No. 119 (1977). See also Attorney General Opinions

H-445; H-416; H-403 (1974).  We believe the same standards
are applicable to the program you propose.  We have previously
concluded that the establishment, staffing and operation of
a community medical clinic constitutes a public purpose,
Attorney General Opinion H-912 (1976), and that professional
service by a physician constitutes sufficient consideration to
justify the partial release of his debt.  Letter Advisory
No. 90 (1975).  The program you propose presents no constitu-
tional infirmity, per se, provided it includes, contractually
or otherwise, sufficient safeguards that its public purpose
will actually be served.  Any such contract will need to be
examined to determine the adequacy of such safeguards.

We likewise perceive no question as to the authority
of a city or county to appropriate and expend money for a
program to promote the public health.  See V.T.C.S. arts.
1015; 4418f.  Expenses necessary to maintain the public health
are "priority expenditures" for which federal revenue sharing
funds received before January 1, 1977, could be spent.  Pub.
L. No. 92-512, tit. I, § 103, 86 Stat. 919 (formerly 31 U.S.C.
§ 1222).  With the repeal of the requirement that such funds
be used only for "priority expenditures," Pub. L. No. 94-488,
§ 3(a), 90 Stat. 2341, we believe it clear that revenue sharing
funds may be utilized for a program such as you propose.

We are aware that article 3, section 50a of the consti-
tution authorizes the legislature to establish a State Medical
Education Fund to provide grants and loans to students desiring
to practice medicine in the rural areas of the state.  We do not
believe, however, that this constitutional provision or article
4498c, V.T.C.S., which establishes the State Rural Medical
Education Board, prevent Fayette County and the City of Flatonia
from undertaking the program you propose.  Neither article 3,
section 50a of the constitution nor article 4498c indicate any
intention to preempt the field as to assisting medical students
who agree to practice medicine in rural areas.  Subdivisions of
the state may, where otherwise authorized, validly undertake
programs to promote the public health, safety or welfare, even
though the legislature may also act on the subject, so long as
local programs and regulations are not inconsistent with the
constitution or general legislation.  City of Weslaco v. Melton,
308 S.W.2d 18 (Tex. 1957); Ex parte Mooney, 291 S.W. 246 (Tex.
Crim. App. 1927).  Compare Tex. Const. art. 16, § 39 with
V.T.C.S. art. 6145.1.

## S U M M A R Y

Providing sufficient safeguards are provided to guarantee that such public purpose will be served, Fayette County and the City of Flatonia may loan federal revenue sharing funds to a medical student in exchange for the student's contractual promise that he will serve as the county's health officer and maintain a private practice of medicine in the city for five years after he is licensed, and a portion of the loan may be discharged in partial consideration for the physician's services during the five year period.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml