## SAM SIMS v. THE STATE.

### No. 2961.   Decided January 21, 1914.

**1.—Aggravated Assault—Statement of Facts—Reversible Error.**

Where appellant is not guilty of any fault or neglect in preparing a statement of facts and presenting it to the trial judge for approval, who neglected to act upon same, the same was reversible error.

**2.—Same—Information—Complaint—County Attorney.**

Where there was a valid complaint, but it appeared from the record that the information based thereon was prepared and presented by an attorney who was not the county attorney of the county of the prosecution, and who had not at that time been appointed by the court to prosecute the case, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Collingsworth. Tried below before the Hon. R. H. Cocke.

Appeal from a conviction of aggravated assault; penalty, a fine of $200.

The opinion states the case.

*Templeton & Templeton* and *W. F. Ramsey* and *C. L. Black,* for appellant.—On question of insufficiency of information: Thomas v. State, 37 Texas Crim. Rep., 142.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of an aggravated assault, and his punishment assessed at a fine of $200.

No statement of facts accompanies the record, consequently many of the questions presented we can not review. The record before us discloses that the attorney for appellant and the county attorney agreed on a statement of facts, and presented same to the county judge for his approval, but that the judge refused to approve same, and that the judge has prepared and filed no statement of facts. When appellant had prepared a statement of facts, and same was agreed to and signed by the county attorney, and then presented it to the county judge, it became the duty of the judge to approve same if correct; if incorrect, to prepare and file a correct statement of facts. Having failed to do so, under the record in this case appellant is entitled to have his case reversed because he has been deprived of a statement of facts.

Another matter in this record would present reversible error. It appears the complaint was sworn to before the county clerk. The complaint is therefore valid. But the information filed was filed by an attorney prosecuting the case, but not by the county attorney. The qualification of the bill by the court shows that this attorney was never appointed by the court to prosecute this case prior to the time the information was filed, therefore the motion to quash the information ought to have been sustained. The information must be presented by the county attorney, or if there is no county attorney present in attendance on court, then by some attorney appointed by the court to prosecute the case, reciting those facts. In this case it is made to appear that the information was prepared and presented by a lawyer who was not the county attorney of Collingsworth County, and who had not at that time been appointed by the court to prosecute the case.

The complaint being valid, the county attorney upon the reversal of

this case, can, if he so desires, file another information in the case and proceed with the prosecution. The other questions presented we can not intelligently review in the absence of a statement of facts, but on account of the above errors, the judgment is reversed and the cause remanded.

*Reversed and remanded.*