## M. D. SPEEGLE V. THE STATE.

No. 9176.   Delivered June 3, 1925.

Rehearing denied Jan. 13, 1926.

1.—**Manufacturing Intoxicating Liquor—Verdict of Jury—Presence of Defendant—Rule Stated.**

Where it is· shown that the appellant had left the court room while the jury was in retirement, and when they returned into court with a verdict, which the court discovered was not in proper form, and sent the jury back to the jury room to correct the verdict, the appellant coming into the court room just as the jury retired, and being present when they returned the verdict as corrected, no error is shown. Following Berry v. State, 69 Tex. Crim. Rep. 602 and other cases cited.

ON REHEARING.

2.—**Same—Continued.**

On rehearing appellant urges that the action of the court in sending the jury back to complete their verdict had in his absence was a reversible error. With this contention we cannot agree. Appellant's bill presenting the matter does not clearly show that the appellant was absent when the jury first returned with the incomplete verdict. No contention is made that he was absent when the completed verdict was delivered. There was no communication by the court with the jury in his absence, other than instructing them upon examination of their incomplete verdict, to return and further consider same. See O'Toole v. State, 40 Tex. Crim. Rep. 578 and Cartwright v. State, 97 Tex. Crim. Rep. 230.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one. year in the penitentiary.

The opinion states the case.

*Burkett, Orr & McCarty,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant entered a plea of guilty to

manufacturing intoxicating liquor, and asked for a suspended sentence. After hearing the evidence the jury fixed his punishment at one year in the penitentiary, declining to recommend a suspension of the sentence.

Appellant was on bail. After the jury retired to deliberate, appellant left the court room and went on the lawn. The jury came back into the court room in a short time, and the trial judge, thinking they were ready to report, had the sheriff call appellant. When the papers were handed the judge, he discovered the purported verdict was not in proper form or was incomplete in some particulars. He sent the jury back to formulate the verdict as directed in the charge. The judge thought appellant was in the court room, but in fact he arrived just as the jury was starting back to the jury room. The jury was not in the court room more than two minutes. He was present when they returned a few minutes later and the verdict was received.

It is urged that because appellant was not present when the matters just related transpired, he is entitled to a new trial in view of Article 646, Code of Crim. Procedure, which reads:

"In all prosecutions for felonies, the defendant must be personally present on the trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail."

In 1907, the article in question was amended by adding the following:

"* * * provided, that in all cases the verdict of the jury shall be received by the court and entered upon the records thereof in the absence of the defendant, when such absence on his part is wilful or voluntary, and when so received it shall have the same force and effect as if received and entered in the presence of such defendant; and when the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

The revisers of 1911 overlooked the amending act, and carried Art. 646 into the revision as first quoted. However, under the authority of Berry v. State, 69 Tex. Crim. Rep. 602, 156 S. W. Rep. 626; Stevens v. State, 70 Tex. Crim. Rep. 565, 159 S. W. Rep. 505, the new provision seems to be the existing law. We mention this only in passing. Appellant was present when the verdict was received by the court. In our opinion the incident complained of cannot be made the basis of a reversal.

It is not shown from the bill that any harm did, or could have, come to appellant from the matter transpiring in his absence. In our judgment, the question is settled against appellant's contention in Powers v. State, 23 Tex. Crim. App. 42, 5 S. W. Rep. 153, in an opinion written by Judge White, and whose language is quoted with approval in Cartwright v. State, 97 Tex. Crim. Rep. 230, 259 S. W. Rep. 1085.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists upon a reconsideration of the only question raised upon the original hearing, which is presented in his Bill of Exceptions No. 1, and treated in the original opinion. According to the explanation made by the trial judge to the bill of exceptions, in the charge instructing the jury on the subject of a suspended sentence, there were certain blanks left in the form of the verdict prepared by the court. The jury indicating that they were ready to report, the court requested the sheriff to call the defendant, who was at liberty on bond. From the court's qualification the following is taken:

"When this was done, I had the foreman hand me the verdict, which I had previously submitted to the jury. When I examined the verdict, I found that the blanks had not been filled and that the verdict was not complete. I then realized that it would be necessary for the jury to retire to complete their verdict. I assume that the defendant was present at this time, though I am not positive.

"I returned the verdict to the foreman and requested that the jury retire and consider further of their verdict. Within a short time after they had retired for the second time, they returned and I again requested that the defendant be called, and saw to it that he was in court.

"The verdict was handed me with the blanks all filled. Ascertaining that the defendant was present, the verdict was read, which was approved as read by the jury."

The court heard the testimony which is embraced in the bill, which leaves it far from clear that the appellant was absent when the jury first returned. See O'Toole v. State, 40 Tex. Crim. Rep. 578. Upon the hearing, appellant said that he was not in the court room when the jury first came in, but was on the lawn where he had voluntarily gone, and that when he

was called, he came into the court room just as the jurors were rising from their seats to return to the jury room. He remained in the court room until the verdict upon which the judgment was rendered was returned and received by the court.

The appellant, on a plea of guilty, received the lowest penalty. The action of the court might well be sustained under the record upon the theory that the appellant was not absent at the time that the jury first came in. O'Toole v. State, supra. Moreover, the record fails to show that the court had any communication with the jury other than upon examining the paper which they handed to him, he told them to return and further consider their verdict. The cases to which the appellant refers, notably Hart v. State, 255 S. W. Rep. 414, are not deemed in point. In Hart's case, and those to which it refers, there were communications between the court and the jury in the absence of the accused, the nature of which were such as might have been hurtful. The present transaction is deemed analogous to that in O'Toole v. State, supra, also Cartwright v. State, 97 Tex. Crim. Rep. 230.

The motion for rehearing is overruled.

*Overruled.*