■ In Kannmacher v. State, 51 Tex. Cr. R. 122, 101 S. W. 241, it was said:

"Of course, it is incumbent in the first instance, on the party attacking the verdict to do so by the allegation of some fact supported by affidavits which questions the integrity of the verdict and tends to show some misconduct of the jury in arriving at the verdict."

In that case it appears that the jury had agreed while in retirement that unless compelled by the court they would make no statement as to what took place in the jury room, and we have no doubt of the right of the accused to have jurors who make such agreement testify in open court to any misconduct that may be specifically averred and properly authenticated. In Morrison v. State, 39 Tex. Cr. R. 523, 47 S. W. 369, it appears that appellant swore in his motion that he was unable to get an affidavit from any juror because they were unwilling to make same. We find no such averment in the instant case. There is no verified statement in appellant's motion here that the jurors, or any of them, had refused to talk to him or his attorney, or that any or all of them had refused to make affidavit supporting his averment of misconduct. Nor is it stated in any form that when the jurors appeared on the day of the hearing of the motion for new trial, and were interviewed by appellant and his attorney, that they then declined to talk or refused to make affidavit. Article 753 of our Statutes (Code Cr. Proc. 1925), subd. 8, says that it shall be competent to prove misconduct of the jury by the voluntary affidavit of a juror, and the verdict may in like manner be sustained by such affidavit. We have interpreted this to mean that upon such issue when properly raised oral testimony of jurors and others may be heard, but have never held that such issue may be raised save by some specific pointed affidavit stating facts, which if true would entitle the accused to a new trial, and these facts must be more than mere suspicion. As said by Judge Davidson in Long v. State, 48 Tex. Cr. R. 175, 88 S. W. 203:

"While it is safest, always, to follow the language of the statute or its commands in regard to this question of misconduct, still, the mere fact that affidavits were not made in obedience to the prior instructions of the court, would not necessarily require reversal of the judgment if the facts were otherwise produced, or if the opportunity was afforded and the accused declined to produce the evidence. The ultimate effect and intent of these statutes is to inform the court with the sworn statements, either written or verbal, of the facts attending and manifesting the misconduct. This court would not feel called upon to reverse a judgment where the facts have been adduced or tendered for intro-

duction, if declined simply because they were verbal, and not set out in affidavits. The essential matter is the information for the benefit of the trial court, and in case of its rejection by that court or the overruling of the motion then for the inspection of this court on appeal."

■ While this court does not incline to approve the sustaining of exceptions on the part of the state to matters contained in motions for new trial, when it appears in fact that the jurors are present and the facts can be ascertained without a great deal of trouble, still there must be some discretion on this point confided to the trial court in such matters, and it so plainly appearing in this connection that the jurors in this case had been talked to and examined privately by appellant prior to the time the court overruled his motion and that appellant must have been advised of what the jurors had to say or of the fact that they refused to talk, and that he attempted to make no further statement in connection with his motion showing that he had used diligence, or that he was denied the right of supporting affidavits, it seems to us that the court's action was within the discretion necessarily confided in him.

Believing no error appears, the motion for rehearing is overruled.

## McCLOUDE v. STATE. (No. 11601.)

Court of Criminal Appeals of Texas. Oct. 24, 1928.

Lattimore & Birmingham, of Paris, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is rape; the punishment, confinement in the penitentiary for five years.

■ The term of court at which appellant was tried adjourned on the 22d day of October, 1927. The bills of exception were filed January 7, 1928. It is apparent that said bills were filed too late. Our statute allows 30 days after the expiration of the term for filing bills of exception, and, there being no order extending the time, and said bills not having been filed within 30 days after the expiration of the trial term, we are compelled to sustain the motion of the state that said bills be not considered. Article 760, C. C. P.; Mann v. State, 102 Tex. Cr. R. 210, 277 S. W. 1085.

■ The only question presented is the sufficiency of the evidence. Prosecutrix testified that she was 16 years old at·the time of the commission of the offense. She stated that appellant had sexual intercourse with her. Appellant admitted the act of intercourse, but declared that prosecutrix told him at the time that she was 18 years of age. There is nothing in the record showing that prosecutrix was of previous unchaste character. The evidence is sufficient to sustain the conviction.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.