G. R. CARLTON v. THE STATE.

No. 15097.   Delivered March 30, 1932.

The opinion states the case.

*Dan McGrath,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $50.

This case originated in the county court of Randall county, and is upon affidavit and information. The case must be reversed. There is no information. The affidavit is made by one Buster and sworn to before J. D. Barker, county attorney of Randall county, which appears to be correct,—but what purports to be the information is no more than an unsigned affidavit starting out with the statement: "I, J. D. Barker, do solemnly swear," etc., and concluding with a jurat which makes it appear that this was sworn to before J. D. Barker, county attorney. The form for an information is laid down in Forms 745-746, Willson's Texas Crim. Forms. An almost similar situation to this appears in Compton v. State, 71 Texas Crim. Rep., 7, 158 S. W., 515, and authorities there cited. The Compton case was reversed for the insufficiency of the information.

Inasmuch as the affidavit herein is sufficient to be the predicate for a prosecution, and a new information can be filed thereon, the cause will be reversed and remanded and not reversed and dismissed. Sims v. State, 72 Texas Crim. Rep., 533, 162 S. W., 1154.

In this connection attention is called to the fact that by the revised Penal Code of 1925, art. 1149, the word "gross" before the word "negligence" in this statute was omitted. However, the pleader in this case has seen fit to charge that this assault was with "gross negligence". Two methods of committing an assault of this character are set out in the statute,—one, that such assault was wilful; another, that it was with negligence. It is suggested that if the state does not file a new affidavit but contents itself with filing a new information, upon trial the state could rely upon either a claim that the assault was committed wilfully, or a claim that it was committed with negligence,—but if the latter is relied upon, the allegation being that the assault was committed with gross negligence, gross negligence should be defined in the charge of the court.

The judgment will be reversed and the cause remanded.

*Reversed ad Remanded.*