## H. P. HUFF v. THE STATE.

No. 15662. Delivered February 8, 1933.
Rehearing Denied March 22, 1933.
Reported in 58 S. W. (2d) 113.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The conviction is for aggravated assault; punishment fixed at a fine of twenty-five dollars.

The information charges an aggravated assault under article 1149, Penal Code, in which it is declared: "The driver or operator of a motor vehicle upon the public highway who shall wilfully, or with negligence, collide with, or cause injury less than death to any other person upon such highway, shall be guilty of aggravated assault."

The injured party, Mrs. Leigh Dunn, testified that on the morning of January 15, 1932, on Main Street of the city of Houston, she was in a car with her husband, and her husband had stopped the car at a corner because of a red traffic signal, which was burning at the time. She got out of the car with her baby in her arms to go over to the sidewalk, and, after she got out of the car, another car, which was parked at a 45 degree angle, backed out of its parking place and caught her between some portion of the car which backed out and the running board of the car from which she had alighted. The automobile which backed into her did not go over three or four feet approximately from the time it started until it first struck her. She further testified that she was struck by the car two times, and the first time she was struck she cried out, and was then struck again. There was no object to prevent the appellant from seeing her as she stood by the car from which she alighted, and it was also a clear bright day. As a result of being struck by appellant's car, her leg was severely bruised, and, after spending one day in the hospital, she spent some 12 days at home in bed.

E. L. Dunn, husband of Mrs. Dunn, testified substantially to the same facts.

The appellant, H. P. Huff, testified that he had driven trucks for the American Railway Express Company in the city of Houston for 12 years, and had never had an accident during

said time, and was familiar with all the traffic signals and customs and practice of automobile drivers in the downtown district of the city of Houston. On the day of the accident he was driving his brother-in-law's automobile and parked on the west side of Main St. in the regular 45 degree parking place. His wife was with him at the time. Before backing out of said parking place, he looked through the rear glass of the automobile, and did not see the complaining witness or the automobile in which she had been riding. He then slowly backed his automobile out of said parking place, and, when he had moved not more than two feet, his left rear fender caught the complaining witness, but that he did not strike the witness twice as testified to by her. He further testified that he did not see the complaining witness, and that there was nothing to prevent him from seeing her when he looked back. He further testified that it was not usual or customary for an automobile to stop in traffic lanes for the purpose of discharging passengers at the point where the automobile of the complaining witness was stopped.

Appellant's wife corroborated her husband, the appellant, as to what happened at the time of the accident. Another witness corroborated the appellant as to what happened, and also testified that, when appellant's automobile caught the limb of Mrs. Leigh Dunn, she did not cry out.

The term of the county court at which appellant was convicted adjourned on the second day of April, 1932. No extension of time for filing bills of exception appears to have been granted. Hence appellant was entitled to 30 days after the expiration of the term within which to file his bills of exception. Article 760, C. C. P.; McCloude v. State (Texas Crim. App.), 10 S. W. (2d) 85; Walkup v. State, 25 S. W. (2d) 864. The bills of exception were filed on June 29, 1932, which was more than 30 days after the expiration of the trial term. The bills having been filed too late, we are compelled to sustain the state's motion that said bills be not considered.

The evidence renders the nature and cause of the collision a question of fact. On the whole case we do not feel warranted in overturning the judgment of the trial court.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Upon the original hearing the two bills of exception found in the record were not considered for the reason that they were filed too late. Attached to the motion for rehearing is a document showing that, according to the extension of time entered in the trial court, the bills were filed in time.

In the light of the amended record, as shown in the motion for rehearing, we have examined the bills of exception.

Bill No. 1 questions the jurisdiction of the court for the reason that, on its presentation to the court, the information was indorsed "in and to the County Court at Law of Harris County, Texas." The court permitted the amendment of the information by adding to the words "Court at Law" the words "No. 2." The action seems to be within the purview of the statute, article 533, C. C. P., permitting amendment of an indictment or information in the matter of form. See, also, James v. State, 44 Texas, 314; Weaver v. State, 96 Texas Crim. Rep., 363.

Bill No. 2 challenges the sufficiency of the complaint and information, for the reason that they omit a substantive averment in alleging the offense of aggravated assault. The pleading charges that: "* * * did wilfully and with negligence cause an automobile to collide with and cause injury less than death to Leigh Dunn, who was then and there upon a public highway, to-wit: Main Street in the City of Houston, Harris County, Texas, the said H. P. Huff being then and there the driver and operator of said automobile then and there upon said Highway, against the peace and dignity of the State."

The prosecution is for an assault with a motor vehicle as denounced in article 1149, P. C., 1925. The averments conform to the requirements of that statute. See Ratliff v. State, 95 Texas Crim. Rep., 511; Young v. State, 47 S. W. (2d) 320; Curtis v. State, 104 Texas Crim Rep., 473; Hernandez v. State, 112 Texas Crim. Rep., 363.

The motion for rehearing is overruled.

*Overruled.*