ALEX YURASH V. THE STATE.

No. 16311.   Delivered January 31, 1934.
Rehearing Denied March 21, 1934.
Reported in 69 S. W. (2d) 135.

The opinion states the case.

*Horace Soule,* of Houston, and *W. E. Price,* of Galveston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, the punishment being ten years in the penitentiary.

Appellant was charged with having killed Daniel Eko. He and appellant were both sailors on one of the Sinclair oil tankers. On the morning of January 22, 1933, the boat was just leaving its dock and, incident to some work about the boat, an argument or disagreement arose between appellant and deceased. No one seems to have attached much importance to

the matter save appellant. He had been drinking and probably due to that fact he exaggerated the incident until he seems to have regarded it as an insult offered him by deceased. About an hour later appellant killed deceased, shooting him with a pistol. The range of the bullet and other facts indicated that the shot was fired while deceased was stooped over a basin, washing his clothes. Appellant testified that deceased struck him several times during the previous disagrement, and that at the time of the killing, deceased made an attack from which appellant apprehended serious injury or death. The evidence from the state combatted that of appellant.

The motion for new trial was overruled on the 24th day of April, 1933, at which time appellant gave notice of appeal. No time in addition to the thirty days allowed by statute (article 760, C. C. P.) was then granted for filing bills of exception. The thirty days expired on May 24th. The trial term of court adjourned on April 29th. We find in the record no extension order. The five bills of exception found in the transcript were all filed on July 20th, which was fifty-seven days after the expiration of the thirty days allowed by law. Under such circumstances the bills may not be considered. See article 760, C. C. P. (1925). Many cases construing the article in question in consonance with our announcement are collated under Note 50 in Vernon's Annotated Criminal Statutes of Texas, C. C. P., Vol. 3, and in the Cumulative Annual Pocket Part to said volume under the same note number. Among the many cases to the same effect are Mann v. State, 102 Texas Crim. Rep., 210, 277 S. W., 1085; McCloude v. State, 10 S. W. (2d) 85.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again insists we should have considered his bills of exception. He attempts to support his contention by an affidavit. The affidavit made and appearing in the record has no reference whatever to bills of exception, but relates solely to a statement of facts. The statement of facts in this case is in the record, and was considered in connection with our original opinion.

Appellant further insists that his special charge No. 3, which was refused, was a correct presentation of the law, and that the refusal thereof was erroneous. Examining the main charge, we find substantially everything which appears in the special charge. Some superfluous words constitute the only difference. The special charge would have told the jury to con-

sider all the facts and circumstances "both those occurring at or about the time of the homicide or prior thereto," in determining whether appellant acted on sudden passion. The main charge told the jury, in determining such issue, and the condition of appellant's mind, they should take into consideration all the facts and circumstances in evidence. We think there is no material or legal difference.

The motion for rehearing will be overruled.

*Overruled.*