## P. D. Franz v. The State.

No. 19627.   Delivered April 13, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*Hatten & Dawson,* of Houston (*King C. Haynie,* of Houston, of counsel on appeal), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

Morrow, Presiding Judge.—Aggravated assault with an automobile is the offense; penalty assessed at a fine of $100.00.

The State's witness, E. A. Hooper, was driving a 1935 model Ford V-8 coupe about 8:00 o'clock on the night of August 30, 1937. The car belonged to Mrs. Hattie Scott, who had engaged Hooper to do some work on it. He was driving the car at the request of Mrs. Scott in order to ascertain some defect in the mechanism. As Hooper and Mrs. Scott were traveling on the Telephone Road going out of Houston, they met a truck which was traveling toward Houston. Hooper and Mrs. Scott had stopped at a Gulf filling station for some gasoline and were driving on the right-hand side of the black mark in the center of the highway when appellant approached in a truck loaded

with cattle. Hooper saw the truck coming across the marker and swerved over to the right as far as he could. The appellant's truck came right into the Ford car and completely demolished it. The body of the truck struck the left side of the Ford automobile just below the windshield and turned it completely around. After the collision appellant drove his truck about 150 feet on the highway before he stopped. When the truck stopped Hooper had a conversation with the appellant, who gave no explanation whatsoever for the accident. After some discussion Hooper obtained the name of the appellant before he drove off in his truck. Hooper then took Mrs. Scott to the hospital for treatment of her ankle which was hurt in the collision. Hooper testified that he had been driving automobiles for about twenty years and was familiar with the speed of an automobile in motion. He said that appellant was traveling between 30 and 35 miles an hour prior to the collision. On redirect examination Hooper testified that the appellant appeared "groggy" and had the odor of intoxicating liquor upon his breath.

Mrs. Hattie Scott testified that she was the owner of the Ford car which was demolished by the appellant's truck; that Mr. Hooper was driving her car because he had been working on it and was trying it out for some defect in the engine which stopped at various rates of speed. After getting some gasoline at a filling station on the Telephone Road, they had traveled about 200 or 300 yards on the highway when they noticed the appellant's truck approaching them. She testified that Hooper was driving on the right side of the highway at the time of the collision. She also testified that she suffered some broken ligaments in her ankle from the collision and that she was still under the doctor's treatment at the time of the trial.

The appellant testified that he resided at Katy, Texas; that on August 30, 1937, he went to Hitchcock after a load of cattle and was on his way back to Houston when he met a car with some bright lights. Appellant testified that he dimmed his lights but that the person driving the car did not dim his and started turning right into him. The automobile hit the right side of his truck and he then stopped. Appellant testified that at the time of the collision he was on the right-hand side of the road and was driving about fifteen miles an hour. After the collision the appellant stopped his truck and got out. Mr. Hooper got out of his car and came over to the appellant's truck where they exchanged names. Appellant then went back down the road to the point where the collision occurred. Appellant testified that he had not been drinking; that "he had had nothing at all intoxicating to drink."

Jessie Manus testified that he was riding on the truck with the appellant at the time of the accident; that they were traveling on the right-hand side of the road at about fifteen miles an hour when they met a car with bright lights. The appellant dimmed the lights on his truck but the person driving the car did not dim his lights. The witness could not tell just how the accident occurred, but it seemed to him like the car ran into the truck. He noticed the lights on the car before it struck the truck, and from the manner in which the lights were approaching, the witness judged that the car was making all the speed it could. The witness testified that he had accompanied the appellant from Hitchcock and that neither of them had had anything to drink up until the time of the accident.

Appellant introduced several witnesses, some of whom testified that he was not under the influence of intoxicating liquor either before, at the time of, or after the accident.

E. J. Buckley, a deputy sheriff of Harris County, testified that he had occasion to investigate a collision on the Telephone Road on the 30th of August, 1937; that upon going to the place of the collision he saw a Ford car on the right-hand side of the road and headed toward Houston. The car was sitting on the shoulder of the road and there was glass scattered all over the highway. The witness was told that the truck had dual wheels. The officer saw the print of dual-wheel tires on the highway. One set was two feet over the black line on the left-hand side of the road going toward Houston.

The witness Hooper was recalled by the State and he corroborated the testimony of the deputy sheriff relative to the tracks made on the highway by the tires on the wheels of the truck.

In bill of exception No. 1 complaint is made of the admission of the testimony of Buckley, the deputy sheriff, as to what he was "told" upon his arrival at the scene of the collision. The officer testified that he was told that the truck driven by the appellant had dual wheels, and that he could see the print of the tires of the dual wheels on the highway on the left-hand side of the road. The bill is qualified by the court with the following statement: "At least two witnesses, one for the State and one for the defendant testified, one before and one after the testimony of Buckley was offered, that the truck of the defendant had dual wheels."

In view of the court's qualification of the bill, it appears that the testimony of the witness of which complaint is made was cumulative of other competent testimony admitted upon

the same question without objection. Therefore, no error is presented by the bill.

The case was tried before the court without a jury. No error has been perceived which would authorize this Court in overturning the judgment of the trial judge who heard the testimony of the witnesses in the case and who resolved the conflict in the evidence in favor of the State.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant insists that the complaint is fundamentally defective in failing to definitely allege an act of negligence. One of the acts of negligence set forth in the complaint was that appellant "then and there failed and neglected to keep and maintain his automobile then and there being driven and operated by him on his right hand side of the road on approaching the said other automobile in which the said Mrs. Hattie Scott was then and there a passenger and then and there on said public highway at said point." We deem the averment sufficient.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.