## TOM GUAJARDO v. THE STATE.

No. 20905. Delivered March 20, 1940.
Rehearing Denied May 1, 1940.

202

The opinion states the case.

*Jno. K. Weber* and *C. O. Wolfe,* both of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint and information with committing an aggravated assault by means of driving an automobile in and upon the person of one Bessie Heiner, and causing to her injuries less than death, and was by the jury

found guilty and assessed a fine of $100.00 and imprisonment in the county jail for one month.

The facts herein, from the State's standpoint, show that William Coulterman owned a pick-up truck, and there were riding therein seven people, among others the complaining witness, Bessie Heiner, her brother William and her mother, Mrs. Myrtle Heiner, her aunt Mrs. Coleman, and Arthur Heiner, her cousin, the uncle William Coulterman driving the truck. Bessie Heiner and her aunt were sitting on the floor of the pick-up truck with their feet hanging out the back end. The appellant and his daughter, with a baby in her arms, were riding in a Chevrolet car, coming up behind this pick-up truck. According to State's witnesses this car of appellant's was zig-zagging or moving from side to side of the road at a speed of probably fifty miles per hour, and while so moving, appellant driving, it struck the back of this pick-up truck, which was moving at the rate of about twenty-five miles per hour, and crushed and mangled the foot and leg of Bessie Heiner, to such an extent that she was knocked out of the truck and was rendered unconscious, and was taken to a hospital where she remained for some two weeks. At the time of the accident appellant remained at the wheel of his car, and again, for some unexplained reason, he propelled his car against the pick-up truck and struck it a second time.

The appellant's version of the accident was that he was driving down this public highway at a moderate rate of speed, and that he came up close behind the pick-up truck, and was waiting to pass around it when he saw another car approaching from the opposite direction. That suddenly, without any warning signal of any kind, the person driving the pick-up started to stop, and appellant could not bring his car to a stop before he struck the pick-up truck, and thus injured the girl, Bessie Heiner. That he turned to the left as far as possible, but could not avoid striking the girl and the truck on its left-hand side. That he was driving in his usual and accustomed manner, and in order to avoid injury to his daughter, the child and himself he was compelled to strike the truck, and as a consequence the injury to the girl followed.

Appellant's bill of exceptions No. 1 complains of the fact that while the jury was deliberating on their verdict, and evidently after they had arrived at an agreement, they called the deputy sheriff in charge of them and asked him as to the form in which they should render and return their verdict. This verbal statement was by the officer reported to the judge

trying the case, and he instructed the officer to say to the foreman of the jury that the charge of the court contained a blank form for their verdict, which the jury might fill out and have the same signed by their foreman, such blank form being as follows:

"Verdict of the Jury.

"We, the jury, find the defendant, Tom Guajardo_____:___.

"_____._____

"Foreman of the Jury."

This is complained of as being a verbal communication to the jury, and as an additional instruction to them not in writing, out of the presence of the defendant, and without his knowledge, or the knowledge or consent of his counsel. We do not think the statement thus made relative to where the jury could find a form for their verdict could be termed an additional instruction. It will be noted that the form thus referred to was not suggestive in any way as to what the verdict should be. Such form could be used either for a verdict of guilty or not guilty, just as the jury should determine, and we think the statement thus made to the foreman of the jury amounted to no more than calling their attention to the charge, and directing them to read the same. It is to be observed that this cause was a misdemeanor, and would probably be governed by Art. 679, C.C.P., which reads as follows: "In felony but not in misdemeanor cases, the defendant shall be present in the court when any such proceeding is had as mentioned in the three preceding articles, and his counsel shall also be called." The three preceding articles referred to in the above quoted Art. 679 are concerned with the communications of the jury with the trial court (Art. 676), their asking for further instructions from the court, (Art. 677), and a re-examination of a witness if the jury so desired, (Art. 678). We see no error reflected in this bill.

Bill of exceptions No. 4 presents the following proposition: It had been herein testified by appellant that while he was driving at a reasonable rate of speed down the public highway he came up behind the pick-up truck, and just as he was attempting to pass around such truck another automobile coming towards appellant was meeting such truck, and that the driver of the truck, without giving any visible or audible sign of his intention, began to slow down the speed of this truck so abruptly that appellant, in order to save himself, his daughter and the child in appellant's car from injury and the probable loss of life, had to strike the truck and injure the girl

Bessie Heiner in thus protecting the persons in appellant's car, and therefore such action upon his part was in defense of the safety and lives of such persons, and would amount in law to self-defense. This bill contains an exception to the trial court's refusal to thus treat such actions as thus defensive in the charge given to the jury. It is to be observed, however, that the court did charge the jury, in substance, that if the driver of the pick-up truck did stop or attempt to stop his truck while immediately in front of appellant's car without first seeing if there was sufficient space for such movement to be made in safety, etc., and without giving a visible or audible signal of such driver's intention to thus stop his vehicle, and if such actions on the part of the truck driver were the sole cause of such collision and the injuries to Bessie Heiner, or if they had a reasonable doubt thereof, to acquit the defendant. It will be noticed that the trial court gave approximately that which was requested by appellant, with the exception of his idea of self-defense and defense of another in that appellant contended that he had the right, if such was necessary, to save himself and daughter from injury, and when he found himself in such a condition he would have the right to strike the truck, and incidentally to injure the girl, such act being in his necessary self-defense or in the defense of another

It will be remembered that the gist of this offense is the negligence of appellant who was charged with thus operating his automobile. Such negligence is that which is defined in the chapter on negligent homicide. See Art. 1149, P. C. The chapter on negligent homicide requires that degree of care and caution as a man of ordinary prudence would use under like circumstances. Art. 1233, P. C. We are not familiar with the doctrine advanced by appellant that he could by his negligent acts find himself in such a position of danger that he would be justified under the law in defending himself even to the point of injuring or taking the life of an innocent person whose actions were in nowise to blame for appellant's perilous position. The appellant presents to us a proposition wherein he seeks to apply the doctrine of self-defense against himself. He can not take advantage of his own negligence and unlawful act to justify his actions while performing such act. See Menefee v. State, 129 Texas Crim. Rep. 375, 87 S. W. (2d) 478. We think the court's charge fairly covers his offered defense. This bill is overruled.

We also note that the court charged on unavoidable accident.

We doubt whether the facts entitled him to such a charge. See Menefee v. State, supra.

Appellant's bill of exceptions No. 5 amounts in effect to a request to the trial court to charge the jury that if Bessie Heiner, the injured party, was sitting on the floor of the truck with her legs hanging out of the back, and that such act of hers was negligence and the sole cause of the accident, then the jury should acquit appellant. This amounts in effect to a charge relative to contributory negligence upon the part of the injured person, and if such was believed by the jury, then a verdict of acquittal should follow. This doctrine does not apply to an offense as denounced by Art. 1149, P. C. We have heretofore held in Vasquez v. State, 52 S. W. (2d) 1056, as follows:

"The contributory negligence of the person killed does not constitute a defense to a prosecution for neligent homicide. We quote from Ruling Case Law, vol. 2, p. 1212, as follows: 'The rules of law concerning contributory negligence as a defense in civil actions for damages for personal injuries have no application to homicide cases for criminal negligence in operating an automobile. The decedent's behavior is admissible in evidence, and may have a material bearing upon the question of the defendant's guilt, but if the culpable negligence of the latter is found to be the cause of the death, he is criminally responsible whether the decedent's failure to use due care contributed to the injury or not.'

"In Corpus Juris, vol. 29, p. 1155, the rule is stated as follows: 'The contributory negligence of the person killed, although it may be a defense to an action for a private injury resulting from homicide, does not constitute a defense to a prosecution for homicide, nor is it any answer that the criminal negligence of others than defendant contributed to the death. However, decedent's conduct may show that defendant's act was not the cause or was not, under the circumstances, negligence.' "

Bill of exceptions No. 6 is concerned with an exception to the court's failure to charge relative to the negligent acts of one Cunningham who was driving the car said to be approaching and meeting the pick-up truck. In the first place, we do not think the proffered charge was called for by the evidence, and our ruling relative to bill No. 5 would also apply thereto. The bill is overruled.

Bill of exceptions No. 7 is based upon the failure of the court to charge the jury relative to the negligence of the driver of the truck in which the injured girl was riding. We think such matters were fully covered by the court in its charge as referred to in our discussion of bill No. 4.

We do not think any error is shown in bill No. 8, nor in bill No. 9, but on account of the length of this opinion we pretermit any discussion thereof.

We think the law of negligence as set forth in Art. 1233, P. C., is the law of criminal negligence in offenses of this character, and we have heretofore held such in Young v. State, 120 Texas Crim. Rep. 39, 47 S. W. (2d) 320, as follows: "We take it there can be no serious contention but that the legislature intended its language as set out in said article 1233 (P. C.) to be taken as a definition of negligence applicable in prosecutions under the terms of said chapter, and hence also in prosecutions under said article 1149, supra, (P. C.) If this be true, then said article 1233 does define negligence, and is the complement of said article 1149."

It is noted herein that the negligence contemplated in a criminal action such as this is governed by statute, and is only a failure to exercise ordinary care as defined in Art. 1233, P. C.

We have examined all the remaining bills, and they are overruled.

Finding no error in the record, the judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant insists that we misapprehended the complaint in bill of exception number one as shown by his "assignment of error No. 1." Said assignment is much more to the point than the bill. This court is controlled by the bill and does not look to assignments of error which are required in civil cases.

The bill reflects that the jury sent word to the trial judge by the officer asking about the form of the verdict. The officer found the judge in his office and not in the court room, and delivered the message. The judge directed the officer to tell the jury to refer to the charge which they had in which he had indicated the form of verdict to which no objection had been interposed when the charge was delivered to the jury. The

officer took the judge's message to the jury. The record reflects affirmatively that what has been here stated is all that happened. Appellant contends that the jury should have been brought into open court and there communicated their request to the judge as required by Art. 21, 676 and 677, C. C. P., and that because this was not done the judgment herein should be reversed. Had the jury been brought into court and asked the court for the information requested the point now urged would have been avoided, but we do not believe a reversal is demanded under the circumstances affirmatively shown. We are in agreement with appellant that if the trial judge had given the jury any additional instructions in the message sent them from his office it would require a reversal under many authorities, but this did not occur. The same principal is involved as where somthing occurs in the trial of a felony case in the absence of the jury. See Speegle v. State, 102 Tex. Cr. R. 498, 278 S. W. 437; Powers v. State, 23 Tex. Cr. R. 42, 5 S. W. 153; Cartwright v. State, 97 Tex. Cr. R. 230, 259 S. W. 1085. It being affirmatively shown that no injury could have resulted to appellant from the incident complained of it furnishes no ground for reversal.

We have carefully examined other bills of exception referred to in appellant's motion and urged as presenting reversible error, and have considered them in connection with the facts developed, and the court's charge. We are not impressed with appellant's contention that such bills present error upon which a reversible should be predicated, nor do we think it necessary to discuss them in detail.

The motion for rehearing is overruled.