## LEWIS W. WARREN v. THE STATE.

No. 21115. Delivered October 16, 1940.

The opinion states the case.

*A. H. Gist,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the county court of Dallas County on a charge of aggravated assault on the person of Mrs. A. E. Thornton by, "willfully and with negligence," operating a motor vehicle upon Highway No. 1-B. The jury assessed a penalty of 365 days in the county jail of Dallas County. The evidence properly admitted before the jury amply sustains the verdict.

A motion to quash the complaint and information was overruled by the court and this action seems to be the chief ground upon which this court is asked to reverse the case.

The motion sets out that the complaint and information are ambiguous and uncertain in that they allege the defendant did, "unlawfully and with negligence," collide with the person involved. The form of this complaint has been approved in Young v. State, 47 S. W. (2d) 320; Carlton v. State, 48 S. W. (2d) 273; Huff v. State, 58 S. W. (2d) 113, and Clifton v. State, 135 S. W. (2d) 115.

It is further argued in appellant's brief that there is a variance between the allegation and the proof in that the proof shows that appellant's car struck another car in which the injured party was riding, instead of striking the person. This contention will not be sustained, as it is permissible to show under the form of the allegation in this case that the defendant struck another car causing the injury to the party alleged. Schultz v. State, 128 S. W. (2d) 36; Guajardo v. State, 139 S. W. (2d) 85.

Further argument is made on bills of exception, complaining of the admissibility of testimony, which we consider thoroughly settled questions of law.

The judgment of the trial court is affirmed.