ERWIN WILLIAM OVERMIRE V. THE STATE.

No. 21627. Delivered May 28, 1941.
Rehearing Denied June 27, 1941.

The opinion states the case.

*Melbourne C. Driscoll,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant is charged by complaint and information with an aggravated assault upon the person of Gladys Irene Hanna, "by then and there willfully and with negligence causing and permitting said automobile to collide with another automobile in which the said Gladys Irene Hanna was then and there a passenger, then and there upon said highway, and then and there and thereby causing injury less than death to the person of the said Gladys Irene Hanna."

The record is before us without bills of exception and the only complaint which we are called upon to consider is that lodged at the sufficiency of the evidence. Viewed from the State's standpoint, the evidence is amply sufficient. The accident took place at the intersection and on two of the public streets of the City of Houston, Harris County, Texas. Appellant was traveling on the right-hand side of Norwood street, going north, and as he approached the intersection of Sherman street the injured party had already reached said intersection from his left. He was going at an illegal rate of speed, to-wit, thirty-five to forty miles an hour, (one witness said fifty), while the injured party was traveling on her right-hand side, going east, at a rate, according to one defense witness, of about twenty miles an hour. It is the State's theory, supported by the evidence, that he ran in front of her car at this illegal rate of speed under conditions which made him responsible for the accident as defined by statute. (Art. 827A, Sec. 8, Vernon's Ann. Penal Code.) Schultz v. State, 128 S. W. (2d) 36.

It will be admitted that the defendant introduced evidence contradictory to that offered by the State, but the appellant himself said, "I admit I was going over the speed limit and I admit I was going thirty-five or forty miles an hour. I looked to my left, but it was not very far from the intersection * * * * *.

I don't remember whether I put my brakes on or not * * * * * It is not a fact that I observed Mr. Brennan's car to my right and I was going so fast I could not stop, and swerved to the left to avoid his car and hit the young lady's car. His car was already stopped. Mr. Brennan's car had the right-of-way over me. I guess he would have been in a bad fix if he had insisted on his right-of-way, but he stopped."

Under the facts as testified to by all of the witnesses, and under the quoted admission of appellant, we think that he has put into the record facts which justified the jury in the verdict which they returned. Mr. Brennan testified that he was going west on the same street as the injured party, meeting her at the intersection. Appellant's failure to observe Brennan, who had time to stop his car in an effort to avoid the collision, strongly indicates his negligence in the matter. His belated effort to avoid a collision with Mr. Brennan, according to his own testimony, brought about the collision which inflicted serious injury on Miss Hanna, the prosecuting witness. There can be no question about the jury's right to return a verdict of guilty under the appellant's own admissions as a witness before them.

The appellant's contention that the evidence does not show the accident to have occurred on a street in the City of Houston or a public highway in Harris County is without merit. Many statements by several of the witnesses would be sufficient upon which they may reach this conclusion.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant, for the first time, calls our attention to a claimed variance between the complaint and information and the proof offered in support thereof.

Omitting the formal part, the complaint charges that "heretofore on the 5th day of February, A. D., 1941, Ervin William Overmire did then and there drive and operate a motor vehicle, towit, an automobile, on a public highway located in the City of Houston, Harris County, Texas, and then and there commit an aggravated assault in and upon the person of Gladys Irene Hanna, by then and there willfully and with negligence

causing and permitting said automobile to collide with another automobile in which the said Gladys Irene Hanna was then and there a passenger, etc."

The information follows the language of the complaint.

Appellant takes the position that the evidence does not sustain the allegation that the assault was both willfully and negligently done. We do not deem it necessary to again set out the facts relative to the occurrence which resulted in the injury to the person of Gladys Irene Hanna inasmuch as they have already been stated in the original opinion. It is our opinion that the facts are sufficient from which the jury could reasonably draw the conclusion that the act on the part of the defendant was either willful or with gross negligence, either of which would be sufficient to sustain the conviction. See Huff v. State, 58 S. W. (2d) 113, on motion for rehearing; Young v. State, 47 S. W. (2d) 320; Schultz v. State, 137 Tex. Cr. R. 164, in which the question is discussed in the opinion on motion for rehearing; also Clifton v. State, 138 Tex. Cr. R. 258; Franz v. State, 135 Tex. Cr. R. 47.

Believing that the proper disposition was made of this case upon the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.