ELMER VOGT V. STATE.

No. 26,401. May 27, 1953.
Rehearing Denied June 24, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) October 14, 1953.
Writ of Certiorari Denied by Supreme Court of United States
November 30, 1953.

*Floyd Duke James,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, and *An-*

*thony Nicholas, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault with a motor vehicle, as defined by Art. 1149 V.A.P.C.; the punishment, a fine of $250.

The information conforms to the complaint and is in two counts. Count 1 charges that appellant "did then and there drive and operate a motor vehicle on a public highway in Bexar County, Texas, and did then and there commit an aggravated assault in and upon the person of Oren L. Donner, by then and there upon said public highway willfully and with negligence colliding with and causing injuries less than death to the person of said Oren L. Donner."

Count 2 contains similar allegations except that it was there alleged that appellant collided with a vehicle in and on which Donner was riding, rather than that he collided with Donner.

Appellant moved to quash the complaint and information because it alleged that the collision was both "willful" and "with negligence."

Similar contentions were overruled by this court in Warren v. State, 140 Tex. Cr. R. 119, 143 S.W. 2d 620; Young v. State, 120 Tex. Cr. R. 39, 47 S. W. 2d 320; Huff v. State, 58 S.W. 2d 113; Overmire v. State, 142 Tex. Cr. R. 346, 152 S.W. 2d 769; and Mackey v. State, 158 Tex. Cr. Rep. 276, 255 S.W. 2d 197.

Appellant also complains that the acts of negligence relied upon by the state were not alleged.

It has been held that allegations following the language of the statute, such as here found, are sufficient and the state is not required to set forth the facts constituting the negligent acts. See Young v. State, supra; Merryman v. State, 153 Tex. Cr. Rep. 593, 223 S.W. 2d 630; Nichols v. State, 155 Tex. Cr. Rep. 521, 236 S.W. 2d 801.

We have held that the negligence applicable to aggravated assault with a motor vehicle is the same as that applicable to negligent homicide defined in Art. 1233 P.C., (one of the articles

of the chapter of the Penal Code dealing with negligent homicide,) and therefore may arise out of a failure to use ordinary care. Young v. State, 120 Tex. Cr. Rep. 39, 47 S.W. 2d 320; Guajardo v. State, 139 Tex. Cr. Rep. 201, 139 S.W. 2d 85.

The case was submitted to the jury on this theory and the evidence is sufficient to sustain the verdict.

Donner was struck as he sat on his motorcycle near the curb and was seriously injured. He did not know what struck him.

Other testimony of the state was to the effect that the car which struck Donner was traveling at a speed of some 30 to 40 miles per hour on Hildebrand Avenue in San Antonio and had just passed another car traveling in the same direction and returned to its right lane when it collided with Donner.

The driver of the car which appellant had just passed testified without objection that whoever was driving the car that struck Donner ". . . was reckless at the time he was passing me . . ." He testified, also, that he saw the motorcycle or the man in the air ". . . hit high enough where we could see the body."

The issue which was sharply contested was as to the identity of the car which collided with the motorcycle and injured Donner, and not as to whether the driver of such car was negligent.

The state's testimony was to the effect that appellant's car, in which three other passengers were riding and which appellant was driving, struck Donner. The driver of the car which was following at the time took the license number of appellant's car and positively identified such car as that which struck Donner.

The parties riding in appellant's car testified that he was the driver but denied that such car was involved in a collision. Their testimony tended to show that a car following them, driven by James Theis, may have been the car which collided with and injured Donner. Theis testified for the state. His testimony was to the effect that appellant's car and not his was involved in the collision.

The evidence sustains the jury's verdict and we find no reversible error.

The judgment is affirmed.

GRAVES, Presiding Judge.

In the motion for rehearing filed herein appellant complains of the facts presented before the jury and claims same to be insufficient in many respects. We think the facts presented are of sufficient cogency to show that appellant was driving in a negligent manner the car which struck the injured party on the night in question. This matter has been properly decided by the jury and we have no desire to overrule their findings thereon.

Appellant also lays much stress on the fact that the complaint and information herein charges appellant with the offense of driving an automobile and "wilfully and with negligence" colliding with and causing injuries less than death to the person of the alleged injured party.

The statute uses the expression "wilfully or with negligence," but it has long been the holding of this court that the better pleading would be to use the conjunctive "and" rather than the disjunctive "or," as found in Article 1149 of the Penal Code, and that the finding of either wilfully or with negligence would be sufficient to uphold a verdict thereunder. We have so held in many cases, and in the recent case of Mackey v. State, 158 Tex. Cr. Rep. 276,, 255 S.W. (2d) 198, it is said:

" 'We have heretofore held that an information and complaint in this exact language was correct in the case of Young v. State, 120 Tex. Cr. R. 39, 47 S.W. 2d 320. See also Huff v. State, 123 Tex. Cr. R. 238, 58 S.W. 2d 113, and cases there cited.'

"It will be noted from the above quotation that for many years it has been our holding that both negligence and wilfulness may be charged in the same count of the information and that proof of either one of which would be sufficient to uphold a conviction."

We see no merit in the appellant's motion for rehearing, and the same is therefore overruled.