JAMES WINFRED CHAPMAN V. STATE

No. 29,140. June 29, 1957.

*Frank Mabry* and *George Donaldson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is under Art. 1149, V.A.P.C., of the offense of aggravated assault with a motor vehicle; the punishment, a fine of $100.

The information charged that the appellant, while operating a motor vehicle, did commit an aggravated assault upon K. W. Utley by then and there "unlawfully and with negligence colliding with and causing injury less than death to the person of the said K. W. Utley."

The court, in his charge, submitted the issue of appellant's guilt upon negligence, and the sole question presented for review is the sufficiency of the evidence to support the jury's verdict.

It is undisputed that the appellant, while driving a motor vehicle upon a public street in the city of Houston, collided with the injured party and thereby caused injury to him.

The injured party, a young boy, upon being examined by the court, was held incompetent to testify and no eye witnesses to the collision testified in the case.

The state introduced into evidence a portion of appellant's written statement made after his arrest from which we quote:

"On this day, November 6, 1956, approximately 4:20 P.M., I was driving my 1952 Chevrolet, emerald green in color, going East on Crane. I was on my way home from work. I was in the 4300 block of Crane when I saw a little colored boy start running across the street from North to South. I put on my brakes, and turned my wheel to the right, but the front of the car hit the pedestrian. The pedestrian was about in the middle of the street when I hit him, and the reason I was so close to the middle, was because pedestrians were walking toward me on the shoulder of the road — the road is very narrow.

"I stopped as soon as I could and went over to the child that was laying in the street, on the right hand shoulder of the street. I didn't see the child fly into the air, but when I swerved my car to the right, that's when he must have been knocked to the right shoulder."

Officer Rutledge of the Houston Police Department, upon being called as a witness by the state, testified that he investigated the collision and that when he arrived at the scene he observed the appellant standing alongside the street by his automobile and the injured party laying on the shoulder of the street. He further testified that the injured party was lying approximately eighteen feet from where he determined was the point of impact and that appellant's automobile had made skid marks for a distance of sixty-eight feet. His testimony further shows that the collision occurred on the appellant's right hand side of the street.

A photograph of the scene showing the appellant's automobile and skid marks, upon being identified by Officer Rutledge, was introduced in evidence by the state.

Appellant did not testify or offer any witnesses in his behalf.

Appellant insists that the evidence is insufficient to sustain the conviction because it fails to show any act of negligence on his part in colliding with the injured party. With such contention we agree.

The negligence applicable to aggravated assault with a motor vehicle is the same as that applicable to negligent homicide as defined in Art. 1233, Vernon's Ann. P. C. and therefore may arise out of a failure to use ordinary care. Young v. State, 120 Texas Cr. Rep. 39, 47 S.W. 2d 320; Guajardo v. State, 139 Texas Cr. Rep. 201, 139 S.W. 2d 85 and Vogt v. State, 159 Texas Cr. Rep. 207, 261 S.W. 2d 176. To constitute negligent homicide, whatever character of negligence is relied upon, there must be an apparent danger of causing the death of the person killed, Art. 1232, Vernon's Ann. P.C., and no apparent intention to kill. Art. 1235, Vernon's Ann. P.C. Such elements of negligent homicide enter the instant prosecution where death did not result only in determining whether negligence has been shown. Nichols v. State, 155 Texas Cr. Rep. 521, 236 S.W. 2d 801.

In Nichols v. State, supra, in holding the evidence insuffi-

cient to support a conviction for aggravated assault with a motor vehicle under Art. 1149, supra, the court said:

"While it is true that the negligence contemplated in negligent homicide may arise out of the failure to exercise ordinary care, * * * such failure must, of necessity, be established by the proof and cannot be the subject of supposition and conjecture."

In the instant case the evidence shows that at the time of the collision appellant was driving on his right side of the street. No witness testified relative to the speed the appellant's automobile was traveling. There is nothing in the evidence to show that at the time of the collision there was an apparent danger of causing death to the injured party.

Under the evidence no act of negligence on the part of the appellant is shown, and the evidence is therefore insufficient to support the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the court.