Roger Wilson PHILLIPS, Appellant,

v.

The STATE of Texas, Appellee.

No. 60732.

Court of Criminal Appeals of Texas, Panel No. 3.

May 20, 1981.

Frank M. Sheppard, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, and Donald H. Dawson, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS, and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. V.T.C.A., Penal Code Sec. 19.-02(a)(1). Punishment was assessed at confinement for ten years.

■ Initially we note fundamental error which we will review in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. An examination of the jury charge reveals that it contains a paragraph improperly applying the law of murder as defined in Section 19.02(a)(1), supra, to the facts of the instant case. Such a charge is fundamentally defective as it is calculated to injure the rights of the appellant and it therefore deprives him of a fair and impartial trial. *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Cr.App.). The charge does contain a paragraph authorizing an acquittal based upon appellant's insanity defense; this is not sufficient, however, to *authorize a conviction* for murder should the jury find such is warranted when the law is applied to the facts of the case.

In his brief, appellant alleges that it was error to overrule his motion to quash the instant indictment. The indictment failed to state which grand jury of Harris County presented the indictment; it also failed to state in which year or term of court the indictment was returned. We first note that since the designation of the court at presentation of an indictment is a matter of form which may be properly supplied by an amendment, the trial court should have supplied this information upon the motion of the appellant. See *Huff v. State*, 123 Tex.Cr.R. 238, 58 S.W.2d 113. Likewise, the term of the court is a matter of form which *could* have been supplied by an amendment. See *Hightower v. State*, 73 Tex.Cr.R. 258, 165 S.W. 184. This Court, however, has held that an allegation in the indictment as to the term of court or the grand jury is *unnecessary* and need not be stated in the indictment. See *Guerra v. State*, 478 S.W.2d 483, 484 (Tex.Cr.App.).

In light of the fundamental error in the jury charge discussed above, other error alleged in appellant's brief need not be reached. The judgment in this case is reversed and remanded.